UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
ERIC SPRONZ,

                      Plaintiff         **VERIFIED COMPLAINT**
                                                      Docket No.
        -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE
STEVEN BELLONE, in his official capacity only.
SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K.
HARRISON, in his official capacity only, SUFFOLK
COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING
BUREAU LIEUTENANT MICHAEL KOMOROWSKI, in his
official capacity only, SUFFOLK COUNTY POLICE
OFFICER KEVIN WUSTENHOFF, in his individual and
official capacity, SUFFOLK COUNTY POLICE
OFFICER/PISTOL LICENSING BUREAU POLICE OFFICER
DANIEL JUGAN, in his individual and official
capacity, JOHN AND JANE DOE NO. 1-10, in their
official and in their individual capacity.

                                Defendants.
------------------------------------------------X

      The plaintiffs, ERIC SPRONZ, by and through his attorneys, RICHARD W. YOUNG, SR., ESQ. and CORY MORRIS, ESQ., bring this action to redress the violation of plaintiffs' rights under the Constitution and Laws of the United States and complaining of the defendants, COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE STEVEN BELLONE, in his official capacity only. SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K. HARRISON, in his official capacity only, SUFFOLK COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING BUREAU LIEUTENANT MICHAEL KOMOROWSKI, in his official capacity only, SUFFOLK COUNTY POLICE OFFICER KEVIN WUSTENHOFF, in his individual and official capacity, SUFFOLK COUNTY POLICE OFFICER/PISTOL LICENSING BUREAU POLICE OFFICER DANIEL JUGAN, allege as follows:

**JURISDICTION AND VENUE**

(1) This is an action pursuant to 42 U.S.C. Section 1983 and 42 U.S.C. Section 1988 to redress the depravation under color of statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured to plaintiffs by the First, Second, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America:

(2) Jurisdiction is conferred on the Court by 28 U.S.C. Section 1343(3) which confers original jurisdiction on Federal District Courts in suits to redress the deprivation of rights, privileges and immunities as stated in Paragraph 2 hereof.

(3) The plaintiffs demand a trial by jury.

**PARTIES**

(4) That in all time herein alleged, plaintiff ERIC SPRONZ was and still is a citizen of the United States and a resident of the County of Suffolk, State of New York.  Plaintiff ERIC SPRONZ was and still is employed as a Neuropsychiatric Nurse Practitioner.

(5) At all times herein relevant defendant COUNTY OF SUFFOLK was and is within the State of New York and is within the territory of the United States and the Eastern District.

(6) That at all times herein relevant defendant COUNTY OF SUFFOLK is a municipal corporation duly organized and

existing under the laws of the State of New York. Further, the COUNTY OF SUFFOLK was and is the policy-making and governing body and authority over the SUFFOLK COUNTY POLICE DEPARTMENT.

(7) At all times herein relevant, defendant SUFFOLK COUNTY EXECUTIVE STEVEN BELLONE is the elected leader of defendant COUNTY OF SUFFOLK and is the chief policy maker for issues under the executive branch of SUFFOLK COUNTY, including the SUFFOLK COUNTY POLICE DEPARTMENT, and upon information belief resides within the County of Suffolk, State of New York within the venue of the United States Eastern District.

(8) At all times herein relevant, defendant SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K. HARRISON, in his official capacity only was and is employed as the Commissioner of the Suffolk County Police Department and as such is a policy maker of the policies of the SUFFOLK COUNTY POLICE DEPARTMENT.

(9) At all times herein relevant defendant SUFFOLK COUNTY POLICE LIEUTENANT MICHAEL KOMOROWSKI was employed and still is employed as the Commanding Officer of the SUFFOLK COUNTY POLICE DEPARTMENT'S PISTOL LICENSE Section for the COUNTY OF SUFFOLK and as such is a policy maker of SUFFOLK COUNTY.

(10) That at all times herein relevant defendant PISTOL LICENSING BUREAU POLICE OFFICER KEVIN WUSTENHOFF is employed by the SUFFOLK COUNTY POLICE DEPARTMENT's PISTOL LICENSING BUREAU and is the investigator assigned to plaintiff's

case.

(11) That at all times herein relevant, defendant SUFFOLK COUNTY LIEUTENANT MICHAEL KOMOROWSKI was and still is employed as the Commanding Officer of the SUFFOLK COUNTY POLICE DEPARTMENT'S PISTOL LICENSE Section for the COUNTY OF SUFFOLK, and acted under color of authority.

(12) That at all times herein relevant, defendant SUFFOLK COUNTY POLICE OFFICER/PISTOL LICENSING BUREAU POLICE OFFICER DANIEL JUGAN was and still is employed as the Commanding Officer of the SUFFOLK COUNTY POLICE DEPARTMENT'S PISTOL LICENSE Section for the COUNTY OF SUFFOLK, and acted under color of authority.

**STATEMENT OF FACTS**

(13) On February 18, 2023, plaintiff assisted his office manager from moving out of her soon to be former brother-in-law's home as she was involved in a divorce proceeding with her husband and had to leave the marital apartment.

(14) Plaintiff arrived with four (4) other people. He drove his pick-up truck to the location to carry the items, one large couch and a dresser.

(15) Plaintiff is a licensed to carry a firearm as a Neuropsychiatric Nurse Practitioner and is on call for response to patients. Annexed hereto as **Exhibit "1"**; see also **Exhibit "2"**.

(16) Plaintiff makes various house calls with controlled substances.  Plaintiff has a DEA license number to proscribe, order, inject, administer and deliver controlled substances to all types of patients, including terminally ill hospice patients needing pain relief.  Plaintiff's DEA License Number is MS3918197.

(17) While at the location, plaintiff leaned into the vehicle to obtain tools to disassemble the items that were being moved when plaintiff's office manager's landlord, her husband's brother, approached plaintiff and made a statement "you are wearing a gun" which was more of a question than a statement.

(18) Plaintiff answered him by stating that plaintiff was licensed to carry a weapon. He then asked if plaintiff was law enforcement, received a negative response and then walked away.

(19) A few minutes later a Suffolk County Police car arrived.  The officers approached plaintiff and they were courteous and asked if plaintiff had a weapon. Plaintiff stated that he did and was instructed to remove it, render it safe and allow them to inspect it.

(20) Plaintiff advised the Suffolk County Police Officer(s) that he had a business/carry issued on May 14, 2021, and upgraded to Concealed Carry Weapon in November of 2022. **Exhibit "2".**

(21) Defendants, Suffolk County Police Department, inspected plaintiff's weapon and permit and advised that the landlord made a complaint that he saw plaintiff's weapon.

(22) Plaintiff was advised that he did not expose the weapon at any time.  The police reported that plaintiff was cooperative with notifying responding officers of his weapon (See Police Report annexed hereto as **Exhibit "3"**).

(23) The police then returned plaintiff's weapon and plaintiff left the location with the furniture and thought nothing of the event as the responding officers stated that there was no issue.

(24) Notwithstanding the responding officer's lack of concern, plaintiff sent a statement to Pistol Bureau via fax on February 18, 2023, notifying the Suffolk County Pistol License Section of the encounter as is required the Suffolk County Pistol License Handbook.  Please see copy of statement annexed hereto as **Exhibit "4"**.

(25) On February 27, 2023, plaintiff received a telephone call from Police Officer Wustenhoff advising that his Pistol License was suspended and that he had "30 minutes to go and surrender your guns or I (Wustenhoff) will send an officer to come and get them".

(26) It was snowing and plaintiff said in response that he was putting his son to sleep and that he could not make it there in 30 minutes. Plaintiff was told to "get someone to watch the child or Wustonhoff would send a car to your house to collect the guns".

(27) Police Officer Wustenhoff then stated "You should think about having her as the office manager, she and everyone in that house has drug arrests".

(28) Police Officer Wustenhoff stated "knowing that there was a potential for domestic violence makes me wonder about your moral character and you have a gun around your 7 year old".

(29) Plaintiff was stunned by these inappropriate comments and on February 27, 2023 at approximately 9:20 p.m., plaintiff arrived at the 6th Precinct in Selden as it took some time to get there because it was snowing very heavily at that point.

(30) Plaintiff went in first and was informed of the need to surrender his weapons and license as per Police Officer Wustenhoff. The officer explained the process. Then an officer escorted plaintiff to his vehicle and retrieved his weapons: Hand guns were cleared and verified by the desk officer. See attached Inventory Sheet annexed hereto as **Exhibit "5"**.

(31) On February 28, 2023, plaintiff contacted Ray Tierney, District Attorney for Suffolk County, for clarification on the issue as plaintiff had never exposed, shown, removed, held or did anything but have a pistol in a holster on his belt. Mr. Tierney said that he would look into it.

(32) On March 3, 2023, plaintiff contacted Suffolk County Police Department Deputy Chief Chris Bergold, and advised him of the event and his subsequent suspension.

(33) Plaintiff also advised the Chief of the conversations regarding the very unprofessional Police Officer

Wustenhoff.

(34) The Deputy Chief stated "I know him and he is a real buffoon. I'll call over to the head of the pistol division".

(35) At that time the Deputy Chief stated that "you can google Wustenhoff" in reference to P.O. Wustenhoff.

(36) Plaintiff did as instructed and learned that P.O. Wustenhoff had lied to cover up for a fellow Suffolk County Police Officer who injured people while driving intoxicated. P.O. Wustenhoff claimed he had given the other officer a Breathalyzer test when he had not.

(37) In the afternoon on March 3, 2023, plaintiff found a notice from the United States Post Office advising that plaintiff had a certified letter.

(38) The following day, March 4, 2023, plaintiff picked up the certified letter at the Port Jefferson Station Post Office. Their letter was dated 2/27/23. Please see a copy of said letter annexed hereto as **Exhibit "6"**.

(39) This letter advised that plaintiff submit in writing a notarized letter regarding the original incident.

(40) Plaintiff contacted the people who were with him on the date of the incident and obtained sworn witness statements from Dan Walker and Marie Allgiere annexed hereto as **Exhibit "7"**.

(41) On March 6, 2023, plaintiff sent his statement with color photographs demonstrating the clothes that plaintiff wore on the day of the incident and that his gun was always concealed. See **Exhibit "8"** attached hereto.

(42) Plaintiff sent both his statement along with the witness statements via certified mail. *Id.*

(43) On March 8, 2023, Police Officer Wustenhoff contacted plaintiff by telephone at approximately 12:00 p.m.

(44) On March 8, 2023, Police Officer Wustenhoff stated that plaintiff should not have sent anything but his statement. Further, Police Officer Wustenhoff stated that plaintiff had no right to send in the other sworn statements.

(45) Police Officer Wustenhoff demanded to know why plaintiff had done so and plaintiff stated that he was advised by counsel to provide his statement and the statements of any witnesses who were available on the day of the incident.

(46) On or about March 29, 2023, plaintiff was called and notified by Lieutenant Komorowski that his pistol permit was suspended and his weapons were seized due to a false allegation that his weapon was exposed and in view.

(47) Plaintiff asked when he would get his license and weapons returned and was advised that it was a six (6) month suspension.

(48) Plaintiff inquired as to when he would receive something in writing and was told he that would not be getting anything in writing.

(49) Plaintiff, on the advice of counsel, contacted Police Officer Wustenhoff the following Monday April 3, 2023 to confirm this and was told the same thing.

(50) Plaintiff inquired of Police Officer Wustenhoff as to when he would get something in writing and he too advised that nothing in writing would be coming and that they would advise when the suspension period was over.

## FEDERAL CAUSES OF ACTION

### As and for a First Cause of Action

(51) That the acts and conduct of the defendants herein above alleged in detail in Paragraphs "1" through "50" are a denial of both plaintiff's rights under the Second Amendment, as well as their rights to due process.

(52) That plaintiff ERIC SPRONZ's Second Amendment Constitutional rights were and are being denied him. This is by Suffolk County's policy of any allegation resulting in summarily suspension of a person's 2nd Amendment rights, even when unsupported and made by an interested party. Moreover, said alleged "violation" is not listed in the Suffolk County Pistol License holder's handbook. This policy renders an individual's rights to be subjected to a collective of people who must all satisfy a test of their right to also keep and bear arms.

(53) No where in historical proceedings was such a restriction ever placed on an individual to keep and bear arms. This conduct is in direct violation of the Bruen Decision of the Supreme Court of the United States of America. The plaintiff's undeniable right to the 2nd Amendment cannot be usurped based

upon a spurious allegation of an interested party stating that he observed plaintiff's weapon. There is no allegation of wrongdoing, brandishing a weapon or ever intentionally displaying a weapon. Red Flag Laws being ruled unconstitutional in New York State provide more protection of Second Amendment rights.

(54) As a direct and proximate result of the foregoing, plaintiff ERIC SPRONZ has sustained and continues to sustain injury and damages consisting of loss of income, loss of his personal property, to wit his firearms, and has been caused to suffered fear, shock, fright, emotional distress and embarrassment all to his damage for which the defendants are liable jointly and severally.

(55) That the defendants are indebted to plaintiff, ERIC SPRONZ, for an amount of money to be determined by a trier of fact for the constitutional rights violations of the defendants.

**As and for a Second Cause of Action**

(56) Due to SUFFOLK COUNTY's illegal and unconstitutional policies which are written and enforced with the sole purpose to disregard the 2nd Amendment of the United States Constitution, plaintiff ERIC SPRONZ has been damaged. That SUFFOLK COUNTY AND THE SUFFOLK COUNTY POLICE DEPARTMENT have numerous policies for suspending and indefinitely investigating suspensions, despite no criminal case pending against the

plaintiff, no prohibition on his personal right to possess and bear arms and thereby denying him his right as a citizen under the Second Amendment of the United States Constitution.

(57) That New York State has passed restrictive gun laws.

(58) That the defendants intentionally violated and continue to do so, the Second Amendment of the United States Constitution by refusing to issue or refusing to return an individual's right to carry a firearm. That such conduct is illegal and unconstitutional and particularly where their own investigation is closed non-criminal. That plaintiffs' remedy under this cause of action is to seek to have a Special Federal Court Monitor appointed to oversee all negative actions and decisions taken by the Suffolk County Police Department's Pistol Licensing Section as no other remedy can resolve their utter disregard for the 2nd Amendment of the United States Constitution.

**As and for a Third Cause of Action**

(59) That the defendants intentionally violated plaintiff's Second Amendment Rights under the United States Constitution and went further to intentionally violate the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution. They, as sole arbiters of the facts, issued an order seizing plaintiff's property and holding same without

legal authority. They have denied him due process under the U.S. Constitution and just compensation for all and continuing loses. This being done without even the appearance of due process, and thereby caused plaintiff ERIC SPRONZ to suffer severe punishment and loss of potential employment. That such conduct is illegal and unconstitutional. That plaintiff seeks to have a Special Federal Court Monitor appointed to oversee all negative actions and decisions taken by the Suffolk County Police Department's Pistol Licensing Section which violate the U.S. Constitution.

### As and for a Fourth Cause of Action

(60) That the defendants intentionally violated plaintiff's Eighth Amendment of the United States Constitution by seizing plaintiff ERIC SPRONZ's firearms in that their joint actions have caused him to be punished excessively with loss of employment, losses to be presented to a trier of fact. That such conduct is illegal. That plaintiff ERIC SPRONZ seeks to have a Special Federal Court Monitor appointed to oversee all negative actions and decisions taken by the Suffolk County Police Department's Pistol Licensing Section. Despite there being no criminal case pending against him, no court order to remove his weapons or suspend his Pistol License.

### As and for a Fifth Cause of Action

(61) That the defendants jointly have violated the civil rights plaintiff, have seized the plaintiff's property and

thereby converted the property without authority to do so and without legal compensation for same. This being done based solely on the determination of personnel working for the Executive Branch of Government, without any neutral and detached Magistrate from the Judicial branch of government being presented any facts for a legal determination. Moreover, the defendants actually admonished the plaintiff for submitting evidence which directly contradicted the false allegations of an "Interested Party". This action was done intentionally as demonstrated by such fact that the defendants were intent on the removal of a citizen's Constitutional Rights and did not want any evidence to the contrary to be found in their files.

### As and for a Sixth Cause of Action

(62) That the defendants jointly have embarked upon conduct which intentionally violates the constitutional rights and which has defamed and slandered the plaintiff thereby causing harm to his reputation.

**WHEREFORE,** plaintiff demands judgment against the defendants as follows:

- A. On the Federal Causes of Action pursuant to 42 U.S.C. Section 1983 for compensatory damages in the amount to be determined by the triers of fact against the defendants in naming them all jointly and severally;

- B. Against the individual defendants for punitive damages in a sum to be determined by the triers of fact;

      C.    Appointment of Special Federal Court Monitor appointed to review all of the Suffolk County Police Department's pistol licensing polices and determinations regarding the revocation, suspension and denial of pistol licenses;

      D.    On all other causes of actions the plaintiff seeks appropriate compensation to be determined by a trier of fact;

      E.    Reasonable attorneys fees pursuant to 42 U.S.C. Section 1988 and the costs of disbursements in this action.

Dated:    Central Islip, New York
          May 15, 2023

_____
Richard W. Young, Esq. (RWY 7633)
Attorney for Plaintiff
863 Islip Avenue
Central Islip, N.Y. 11722
(631) 224-7500

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
ERIC SPRONZ,
```

                              Plaintiff          **NOTICE AND ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT**

    -against-

```
COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE
STEVEN BELLONE, in his official capacity only.
SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K.
HARRISON, in his official capacity only, SUFFOLK
COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING
BUREAU LIEUTENANT MICHAEL KOMOROWSKI, in his
official capacity only, SUFFOLK COUNTY POLICE
KEVIN WUSTENHOFF, in his individual and
official capacity, SUFFOLK COUNTY POLICE
OFFICER/PISTOL LICENSING BUREAU POLICE OFFICER
DANIEL JUGAN, in his individual and official
capacity, JOHN AND JANE DOE NO. 1-10, in their
official and in their individual capacity.

                                 Defendants.
-----------------------------------------X
```

                                <u>NOTICE</u>

TO:   COUNTY OF SUFFOLK

      The enclosed summons and complaint are served pursuant to Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure. You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within twenty (20) days. You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under you signature your relationship to that entity. if you are served on behalf of another person and you are authorized to receive process, you must indicate under signature your authority. If you do not complete and return the form to the sender within twenty (20) days, you (or the party on whose behalf you are being

served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law. If you do not complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within twenty (20) days.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. I declare under penalties of perjury that this Notice and Acknowledgement of Receipt of Summons and Complaint was served on

_____

Dated:         _____




### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

If declare under penalties of perjury that I received a copy of summons and complaint in the above-captioned matter at_____.

Date:_____         _____

Relation/Authority:   _____

Verification

Eric Spronz, being duly sworn, deposes and says, under 42 United States Code Section 1746 that I am the plaintiff herein and I have read the foregoing Verified Complaint and know the contents thereof; and the same is true to my own knowledge and those alleged upon information and belief as I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____

Eric Spronz