UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF THE STATE OF NEW YORK
-------------------------------------------X
ERIC SPRONZ,

                    -against-

                                        **ATTORNEY'S**
                                        **AFFIRMATION**

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE
STEVEN BELLONE, in his official capacity only.
SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K.
HARRISON, in his official capacity only, SUFFOLK
COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING
BUREAU LIEUTENANT MICHAEL KOMOROWSKI, in his
official capacity only, SUFFOLK COUNTY POLICE
OFFICER KEVIN WUSTENHOFF, in his individual and
official capacity, SUFFOLK COUNTY POLICE
OFFICER/PISTOL LICENSING BUREAU POLICE OFFICER
DANIEL JUGAN, in his individual and official
capacity, JOHN AND JANE DOE NO. 1-10, in their
official and in their individual capacity.

                    Defendants.

-------------------------------------------X


     **RICHARD W. YOUNG**, an attorney duly licensed to practice law

in the State of New York, hereby affirms under penalty of perjury

the following:

               (1)  I am counsel for the plaintiff, ERIC SPRONZ,

herein, and as such am fully familiar with all the facts and

circumstances and proceedings heretofore.

               (2)  I submit this affirmation in support of this

Order to Show Cause to seek the return of plaintiff's pistol

licenses and weapons seized by the SUFFOLK COUNTY POLICE PISTOL

LICENSE SECTION so that plaintiff, ERIC SPRONZ, can have his

pistol license reinstated and pick up his property currently

being held by the SUFFOLK COUNTY POLICE DEPARTMENT.

(3)   No prior application for this matter or similar relief has been made to this or any other court.

(4)   That the facts well stated in the complaint and the affidavits annexed hereto need not be repeated.

(5)   The relevant case law regarding this matter is now controlled by ***New York State Rifle & Pistol Association, Inc. V. Bruen***, 597 U.S. ___ (2022).

(6)   Authority for this is found in **District of Columbia v. Heller**, 554 U.S. 570 March 18, 2008. Which without any doubt declared the right to possess a firearm under the Second Amendment is a fundamental right guaranteed to the citizen.   Thereafter, in **McDonald v. City of Chicago**, 561 U.S. 742 March 2, 2010 the Supreme Court held:

> "Municipal respondents argue, finally, that the right
> to keep and bear arms is unique among the rights set
> out in the first eight Amendments "because the reason
> for codifying the Second Amendment (to protect the
> militia) differs from the purpose (primarily, to use
> firearms to engage in self-defense) that is claimed to
> make the right implicit in the concept of ordered
> liberty." Brief for Municipal Respondents 36-37.
> Municipal respondents suggest that the Second Amendment
> right differs from the rights heretofore incorporated
> because the latter were "valued for [their] own sake."
> Id., at 33. But we have never previously suggested that
> incorporation of a right turns on whether it has
> intrinsic as opposed to instrumental value, and quite a
> few of the rights previously held to be incorporated-
> -for example the right to counsel and the right to
> confront and subpoena witnesses--are clearly
> instrumental by any measure. Moreover, this contention
> repackages one of the chief arguments that we rejected
> in **Heller**, i.e., that the scope of the Second Amendment
> right is defined by the immediate threat that led to

the inclusion of that right in the Bill of Rights. In **Heller**, we recognized that the codification of this right was prompted by fear that the Federal Government would disarm and thus disable the militias, but we rejected the suggestion that the right was valued only as a means of preserving the militias. 554 U.S., at 598-599, 128 S. Ct. 2783, 171 L. Ed. 2d at 661. On the contrary, we stressed that the right was also valued because the possession of firearms was thought to be essential for self-defense. As we put it, self-defense was "the central component of the right itself".

Finally and most recently in **Caetano v. Massachusetts**, 136 S. Ct. 1027, 194 L. Ed. 2d 99 (2016) (per curiam), the Supreme Court reaffirmed its holding in **Heller**, reiterating that the Second Amendment extends to arms that were not in existence at the time of the founding and does not protect only those weapons useful in warfare, while determining a restriction on tasers. Now, as **Bruen v. New York** has clearly spelled out the 2nd Amendment is as powerful as any right found under the 1st Amendment.

(7) Since there is no argument about the constitutional right to own and possess a weapon, your affiant now turns to the case at bar. Herein, based on an allegation of an interested party that he observed the plaintiff's weapon and refuted by several witnesses, the Suffolk County Police Department "suspended" the plaintiff's 2nd Amendment Constitutional Right without even the hint of due process. Moreover, the utter refusal of the Executive Branch of government to even issue any document to allege finding of facts or that

this is a "temporary suspension" when requested to do so is simply facist conduct at best.

(8) That it is abundantly clear that the defendants' policy which authorizes them to simply "allegedly suspend" a constitutional right without regard for any due process, hearing or any neutral and detached magistrate conducting any hearing, taking of evidence, allowing cross-examination is repugnant to the Constitution of the United States of America. This action has caused the loss of income, embarrassment and emotional distress. Clearly, such policy flies in the face of the Constitutional and fails to pass Constitutional muster as the 2nd Amendment is not an inferior right. A view of historical precedence from the time of the enactment of the 2nd Amendment demonstrates that no such prohibition ever was contemplated by the signers of the Constitution of the United States of America. Moreover, the policy that authorizes the "suspensions" of a Constitutional right without due process is catagorickly unconstitutional. The removal of plaintiff's 2nd Amendment right based solely on biased and refuted allegations in the sole discretion of the Executive Branch of government is repugnant. Removal of the plaintiff's 2nd Amendment rights without an order of a competent Court is a violation of his rights under the FOURTH, FIFTH, EIGHTH and FOURTEENTH Amendments of the United States Constitution.

(9)    In a case similar to the one at bar, **David**

**Goldstein v. Suffolk County**, plaintiff, David Goldstein, a retired law enforcement officer's pistol license was "suspended" indefinitely under another determination of the Executive Branch without regard to the Constitution.

WHEREFORE, your affiant respectfully requests that the Order to Show Cause be granted which seeks to receive an order which directs Suffolk County and the Suffolk County Police Department to reinstate the pistol permit of the plaintiff, ERIC SPRONZ and return to him all weapons seized from him and;

Further, orders defendant, Suffolk County Police Department turn over all policies, records, communications, emails, directives and other information regarding the suspension of any citizen's pistol license based upon the fact that another person's ability to possess firearms has been determined to be unauthorized.  That this Honorable Court issue an order that defendants, SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT, turn over all written policies regarding suspension of pistol licenses, all documents related to this case or any other case where an individual's pistol license was suspended based on the allegation that their weapon was exposed and/or in sight of the public. This is to include all notes, memoranda, text messages, e-mails, interoffice, instant messages, letters and investigative notes, directives or other communications, documentation or memorialization in **"native format"**, together with such other and further relief as to this court seems just

and proper.

_____
RICHARD W. YOUNG, ESQ. (RWY 7633)

Affirmed this 12th day of May, 2023
Central Islip, New York