UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ERIC SPRONZ,

                              Plaintiff,

      -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE
STEVEN BELLONE, in his official capacity only,
SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K.
HARRISON, in his official capacity only,
SUFFOLK COUNTY COMMANDING OFFICE OF THE PISTOL
LICENSING BUREAU LIEUTENANT MICHAEL KOMOROWSKI,
in his official capacity only, SUFFOLK COUNTY
POLICE OFFICER KEVIN WUSTENHOFF in his individual
and official capacity, SUFFOLK COUNTY POLICE
OFFICER/PISTOL LICENSING BUREAU POLICE OFFICER
DANIEL JUGAN, in his individual and official
Capacity, JOHN AND JANE DOE NO. 1-10, in their
official and in their individual capacity,

                                                                     Defendants.

**ANSWER**

23-cv-03689(JMA)(SIL)

**JURY TRIAL DEMANDED**

      Defendants, County of Suffolk, Suffolk County Police Officer Kevin Wustenhoff, Suffolk County Police Officer/Pistol Licensing Bureau Police Officer Daniel Jugan, by their attorney, Dennis M. Brown, Acting Suffolk County Attorney, by Arlene S. Zwilling, Assistant County Attorney, answering plaintiff's complaint respectfully:

      1.     Aver that the allegations contained in the paragraphs numbered 1, 2 and 3 of the complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

1

2. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 4, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49 and 50 of the complaint.

3. Deny, upon information and belief, the allegations contained in the paragraph numbered 9 of the complaint.

## AS TO THE FIRST CAUSE OF ACTION

4. Answering the paragraph numbered 51 of the complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

5. Deny, upon information and belief, the allegations contained in the paragraphs numbered 52, 53, 54 and 55 of the complaint.

## AS TO THE SECOND CAUSE OF ACTION

6. Deny, upon information and belief, the allegations contained in the paragraphs numbered 56, 57, and 58 of the complaint.

## AS TO THE THIRD CAUSE OF ACTION

7. Deny, upon information and belief, the allegations contained in the paragraph numbered 59 of the complaint.

## AS TO THE FOURTH CAUSE OF ACTION

8. Deny, upon information and belief, the allegations contained in the paragraph numbered 60 of the complaint.

## AS TO THE FIFTH CAUSE OF ACTION

9. Deny, upon information and belief, the allegations contained in the paragraph numbered 61 of the complaint.

## AS TO THE SIXTH CAUSE OF ACTION

10. Deny, upon information and belief, the allegations contained in the paragraph numbered 62 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

11. That the complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

13. That the complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

14. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

15. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

16. That this Court lacks subject matter jurisdiction.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

17. That plaintiff has failed to comply with the statutory conditions precedent to commencement of an action against municipal defendant(s) as set forth in the New York General Municipal Law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

18. That this Court should not proceed in the absence of parties who are indispensable to the determination of this action, which parties plaintiff has failed to join.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

19. That defendants' actions, if any, were justified by the facts and circumstances presented.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

20. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

21. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

22. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

23. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

24. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

25. To the extent that the complaint purports to set forth any supplemental state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendant(s) as set forth in the New York General Municipal Law.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

26. That plaintiff has an adequate remedy at law.

WHEREFORE, defendants demand judgment against the plaintiff dismissing the complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

DATED: Hauppauge, New York
June 30, 2023

Yours etc.,
Dennis M. Brown
Acting Suffolk County Attorney
Attorney for defendants County of Suffolk, Wustenhoff, and Jugan
H. Lee Dennison Building
100 Veterans Memorial Highway, P.O. Box 6100
Hauppauge, New York 11788

By: */s/ Arlene S. Zwilling*
Arlene S. Zwilling
Assistant County Attorney

TO:
Richard W. Young, Sr., Esq.
863 Islip Avenue
Central Islip, NY  11722

5