**COUNTY OF SUFFOLK**



**STEVE BELLONE**
**SUFFOLK COUNTY EXECUTIVE**

| | |
|---|---|
| **DENNIS M. BROWN**<br>**ACTING COUNTY ATTORNEY** | **DEPARTMENT OF LAW** |

August 22, 2023

Hon. Joan M. Azrack, U.S.D.J.
United States District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re: *Spronz v. County of Suffolk, et al.,* CV23-3689 (JMA) (SIL)

Dear Judge Azrack:

The Suffolk County Attorney's Office represents the County of Suffolk, Suffolk County Police Officer Kevin Wustenhoff and Suffolk County Police Officer/Pistol Licensing Bureau Police Officer Daniel Jugan, defendants in this action pursuant to 42 U.S.C. S 1983 brought by plaintiff Eric Spronz. Defendants submit this letter pursuant to the Court's Order of August 8, 2023 which directed us to respond to plaintiff's motion for an Order to Show Cause (docket entry no. 2).

This office has not been served with plaintiff's motion for an Order to Show Case despite having appeared in this case on June 29, 2023.

In any event, the motion is moot insofar as it seeks reinstatement of plaintiff's pistol license and return of his firearms. Plaintiff's pistol license has been reinstated. His firearms are available for him to pick up from the Property Unit by appointment.

Defendants stress however that plaintiff's license is now subject to any applicable restrictions implemented by the Concealed Carry Improvement Act, an omnibus New York State legislative program enacted by the State Legislature in late 2022. Defendants cannot and will not violate state law by permitting plaintiff to ignore any CCIA restrictions that may be applicable. As defendants have no discretion to defy state law, if plaintiff is dissatisfied with restrictions placed on his license by CCIA, his remedy is against the State and not the County.

To the extent that the motion seeks production of all of defendants' policies concerning suspension of pistol licenses and "all documents related to this case including notes,

memoranda, text messages, emails, interoffice instant messages, letters, investigative notes in native format" (in other words, every single one of defendants' documents related to this case), it is a wholly premature demand for discovery, since there has been no Rule 26(d) conference.

Accordingly, there is no basis for granting plaintiff any relief at this time.

Respectfully submitted,

Dennis Brown
Acting Suffolk County Attorney

By: */s/ Arlene S. Zwilling*
     Arlene S. Zwilling
     Assistant County Attorney