

*Via Electronic Case Filing Only*

March 28, 2024

United States Magistrate Judge Steven Locke
Eastern District New York
100 Federal Plaza
Central Islip. NY 11722

    <u>Re:</u>        *Spronz v. County of Suffolk et al*;
    <u>Docket No</u>.    2:23-cv-03689-JMA-SIL

**<u>Plaintiff's Motion to Compel Outstanding Discovery</u>**

Dear Hon. Judge Steven Locke

    Please accept this letter brief by Plaintiff requesting that this Honorable Court Order the production of outstanding discovery as described below or issue an Order pursuant to Federal Rule of Civil Procedure 37 for appropriate relief, inclusive of the striking Defendants' answer.

## Procedural History

    Plaintiffs filed complaint and an Order to Show Cause to obtain the return of Plaintiff's firearms and firearms license. During the pendency of that Order to Show Cause, the Defendants did produce both Plaintiff's firearms and license. Defendants, however, fail to provide, voluntarily or after formal demand, internal affair reports or the type of investigatory records, documentation, demonstrating the basis of the license suspension, firearm seizure and/or return.

    Plaintiff's sought discovery of the police personnel, inclusive of misconduct records, concerning the Defendant licensing division together with rules, procedures, orders or guidelines as to the seizure of firearms and firearm licenses within Defendant Suffolk County. Defendants, through counsel, refuse to comply with the Federal Rules of Civil procedure and provide discoverable information that is both known to exist and within the possession of Defendants. Defendants refuse to provide sworn interrogatory responses. Defendants' counsel delayed and has absconded from long known responsibilities to provide, *inter alia*, police misconduct records that are no longer protected under Civil Rights Law § 50-a and, indeed, are discoverable under the Public Officers Law §§ 84-89 *et seq.*, New York's Freedom of Information Law.

    Due to other discovery violations and violations of This Honorable Court's Order, a motion to compel conditioned upon the striking of Defendants' Answer is appropriate.

Please send all mail to:  862 Islip Avenue, Central Islip NY 11722

TEL: 631.450.2515  |  FAX: 631.223.7377  |  WEB: coryhmorris.com  |  EMAIL: info@coryhmorris.com
515 East Las Olas Boulevard, Suite 120 • Fort Lauderdale, FL 33301  *By appointment only*

## LEGAL ARGUMENT

Defendants will not voluntarily produce discovery responsive to Plaintiff's discovery demands nor will Defendants voluntarily produce record evidence prior to deposition testimony meriting a harsh sanction and some meaningful deterrent.

Plaintiff certifies that this application is made in compliance with Local Civil Rule 37.1 and Local Civil Rule 5.1.

"[T]he obligation to [locate relevant evidence] runs first to counsel, who then has a duty to advise and explain to the client its obligations." *Telecom Int'l Am. Ltd. v. AT & T Corp.*, 189 F.R.D. 76, 81 (S.D.N.Y. 1999)) and Defendants failed to take steps to obtain documentation responsive to Plaintiff's outstanding demands despite Plaintiff's successive demands. The idea that electronic mailings, video, communications, personnel records, training(s), and communications pertaining to firearm licensing, discipline and how to comply with the United States Constitution, Second Amendment, and records of the named Defendant police officers do not exist is laughable but, within weeks of her retirement, that defense counsel refuses to provide sworn interrogatory responses is untenable given the succinct and straightforward nature of this Civil Rights case.

Although Rule 37 sanctions are "a harsh remedy to be used only in extreme situations," *Agiwal v. Mid Island Mort. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted), they "protect other parties to the litigation from prejudice resulting from a party's noncompliance" and "serve other functions unrelated to the prejudice suffered by individual litigants[,]" including specific and general deterrence. *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010) (internal quotation marks and citations omitted).

Plaintiff submits that defense counsel's failures warrant an immediate order striking the answer should Defendants simply refuse to comply the basic federal and local rules of civil procedure in a timely manner. *See, e.g., Everhome Mortg. Co. v. Charter Oak Fire Ins. Co.*, No. 07-cv-98, 2011 U.S. Dist. LEXIS 105402 (E.D.N.Y. Apr. 18, 2011) (Report and Recommendation), *adopted*, 2011 U.S. Dist. LEXIS 102244 (E.D.N.Y. Sept. 12, 2011) (entering a default judgment against a party who consistently refused to respond to discovery requests; violated court orders; and ceased communicating with her counsel); *Gumwand, Inc. v. Gum Wand, Ltd.*, No. 15-cv-707, 2016 U.S. Dist. LEXIS 155852 (E.D.N.Y. Oct. 13, 2016) (Report and Recommendation), *adopted*, 2016 U.S. Dist. LEXIS 154466 (E.D.N.Y. Nov. 4, 2016) (striking the answer and entering a default judgment against a party who failed to appear at a court-ordered conference and failed to communicate with the court, despite a clear warning that doing so may result in a recommendation that a default judgment be entered); *Silverman & Silverman, LLP*, 2014 U.S. Dist. LEXIS 102015 (striking the answer and entering a default judgment against a party who refused to provide dates for witness depositions; ceased communicating with his adversary; and failed to respond to the plaintiff's motion for sanctions).

The following is application is made in compliance with Local Rule and FRCP Rule 37.1 and Local Rule 5.1 and incorporates Defendants position and the objections thereto:

## PLAINTIFF'S DEMANDS, DEFENDANTS' RESPONSES AND PLAINTIFF'S OBJECTIONS

Defendants frustrate discovery by simply failing to comply with rules governing disclosure and identifying documentation responsive to discovery demands. "[T]he responding party must 'state with specificity' the grounds, if any, for objecting to the request, and, if there is an objection, 'state whether any responsive materials are being withheld on the basis of that objection.' " *Winfield v. City of New York*, 2017 WL 5664852 (S.D.N.Y. 2017)(quoting Fed. R. Civ. P. 34(b)(2)(B)-(C); see also *City of Hartford v. Monsanto Co.*, 2017 U.S. Dist. Lexis 181641, *4, n.1., (D. Conn. Nov. 2, 2017). Among others, Federal Rules 26 and 34 give clear directives to Defendants to which Defendants simply refuse to comply. Thus, Plaintiff was forced to make this application to the Court.

Although some documentation was provided by Defendants (most of which should have been provided at the outset of this litigation pursuant to Fed.R.Civ.P. 26), Defense counsel disregarded their obligations under the Federal Rules of Civil Procedure. To date, we do not know what types or amount of records being withheld from Plaintiff on this matter.

In this Honorable Court's discretion, Plaintiff respectfully requests that a remedy that allows the "secure the just, speedy, and inexpensive determination of [this] action." Fed. R. Civ. P. 1. Plaintiff respectfully requests an opportunity to be heard for a formal remedy (such as those enumerated in FRCP 37(b)(2)) that will allow this matter to move toward resolution, whether by trial or dispositive motion, for failure to comply with Court Order and forcing Plaintiff to make such costly and successive applications.

## REQUESTS, RESPONSES, AND OBJECTIONS

**Request No. 1:** Provide all personal records of named police defendants

**Response No. 1: Defendants object seeking Confidentiality Stipulation.**

Plaintiff's Response to Request No. 1: Such documents are available under the Freedom of Information law and not protected. Plaintiff objects to being obligated to a Confidentiality Agreement and, indeed, Defendants offer no legal or factual basis that would obligate Plaintiff to litigate this case under a shroud of secrecy.

**Request No. 2:** Provide all reports, notes, memorandums, emails, letters, communications, directives, policies regarding the suspension of Plaintiffs 2nd Amendment Constitutional Rights. To include who made the decision, under what authority, pursuant to what rule regulation, Police Directive which authorizes such suspension without Judicial Intervention.

**Plaintiff's Objection to Response No. 2**. Defendant's fail to provide any investigation documents, communications, memos, notes, or even a document alleging a suspension of Plaintiffs Rights. Moreover, fail to provide any authority, policy, directives from Suffolk County Police Department authorizing the Pistol License Section the reasons for suspending the Plaintiff's 2nd Amendment Rights. The County Attorney's response that all policies are found in the Pistol License Handbook are without merit as such document contains no such information. Plaintiff seeks to discover all reports regarding the suspension, who authorized such and by what authority the County is claiming that this Plaintiffs rights were suspended without any Judicial Intervention.

The claim of general and non-specific responses in the nature of objections to the Request as "overly broad and not reasonably calculated to lead to the discovery of relevant evidence because it seeks information unrelated to the subject incident or Plaintiffs alleged damages." Such objections are meaningless as raised and violate the letter and spirit of the *Federal Rules of Civil Procedure*. The objection must be specific with respect to the documents withheld.

To the extent Defendants claim the Request "seeks documents and information protected by the attorney client privilege and work product doctrine." The documents withheld must be identified specifically and Defendants' objections must be specific with respect to the documents withheld and identify the attorney whose advice is claimed to be privileged, the purpose for which the advice was sought, and the circumstances surrounding the advice which supports the claim of privilege or invocation of the work product doctrine.

"[T]he responding party must 'state with specificity' the grounds, if any, for objecting to the request, and, if there is an objection, 'state whether any responsive materials are being withheld on the basis of that objection.' " *Winfield v. City of New York*, 2017 WL 5664852 (S.D.N.Y. 2017)(quoting Fed. R. Civ. P. 34(b)(2)(B)-(C); see also *City of Hartford v. Monsanto Co.*, 2017 U.S. Dist. Lexis 181641, *4, n.1., (D. Conn. Nov. 2, 2017). Among others, Federal Rules 26 and 34 give clear directives to Defendants to which Defendants simply refuse to comply.

In regards to Defendants' objections, Plaintiff responds to Defendants' objections referring to and raising objections from a prior response by referring this Honorable Court to Plaintiff's previous response thereto.

"[T]he responding party must 'state with specificity' the grounds, if any, for objecting to the request, and, if there is an objection, 'state whether any responsive materials are being withheld on the basis of that objection.' " *Winfield v. City of New York*, 2017 WL 5664852 (S.D.N.Y. 2017)(quoting Fed. R. Civ. P. 34(b)(2)(B)-(C); see also *City of Hartford v. Monsanto Co.*, 2017 U.S. Dist. Lexis 181641, *4, n.1., (D. Conn. Nov. 2, 2017). Among others, Federal Rules 26 and 34 give clear directives to Defendants to which Defendants simply refuse to comply. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed.R.Civ.P. 26(b)(1). "Absent a claim of privilege, instructions not to answer questions at a deposition are improper." *SourceOne Dental, Inc. v. Patterson Companies, Inc.*, 2017 WL 9527377, at *2 (E.D.N.Y. Feb. 3, 2017) (quoting cases).

" '[T]he burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship.' " *Von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987) (quoting *In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 224 (2d Cir. 1984). Thus, the party seeking to invoke the privilege must establish all elements of the privilege. *Bowne of NYC, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 470 (S.D.N.Y. 1993) (Dolinger, M.J.) (collecting cases).

Defendants can not simply demand a blanket confidentiality order and claim to have met and conferred in good faith.

Perhaps worse is the cavalier if not complete disregard that Civil Rights Law § 50-a was repealed. In a county plagued by misconduct evidenced by the arrest, prosecution and incarceration of both the former chief of police and the former district attorney, among others, there is simply no good faith basis to claim confidentiality on an unknown amount and type of records. There is and remains no basis to withhold, *inter alia,* police misconduct records, rules, guidelines and procedures concerning firearm ownership from the public, nevertheless litigants in federal court proceedings.

## CONCLUSION

Plaintiff is forced to make this application after a Defendants prolonged refusal to meet and confer in good faith and to comply with the local and Federal Rules of Civil Procedure in providing discovery in this matter. We ask this Honorable Court send the message to these Defendants that these rules are not polite suggestions: if the Defendants do not want to comply with the rules, or the pending Order from this Court, please let us strike the answer and move towards damages on the Civil Rights violations established by Plaintiff's complaint.

Should the Court have any questions or concerns, please do not hesitate to contact the undersigned. We thank the Court for its kind consideration.

Respectfully submitted,

CORY H. MORRIS JD MA
RICHARD W. YOUNG, ESQ.
*Attorney for the Plaintiff*

RWY:chm

cc:   Arlene Zwilling, Esq.          *(via electronic case filing only)*