# COUNTY OF SUFFOLK



**EDWARD P. ROMAINE**
**SUFFOLK COUNTY EXECUTIVE**

**CHRISTOPHER J. CLAYTON**
**COUNTY ATTORNEY**

**DEPARTMENT OF LAW**

April 4, 2024

Hon. Steven I. Locke, U.S.M.J.
United States District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re: *Spronz v. County of Suffolk, et al.*,
    Docket No. 23-cv-3689 (JMA) (SIL)

Dear Judge Locke:

The Suffolk County Attorney's Office represents defendants in this action pursuant to 42 U.S.C. § 1983 brought by plaintiff Eric Spronz. Defendants submit this letter in opposition to plaintiff's letter motion for an Order striking their answer.

Plaintiff's motion should be denied as both meritless and procedurally improper.

## I.      Factual Background

Plaintiff seeks recovery under § 1983 for the alleged violation of his constitutional rights by virtue of the suspension of his Suffolk County pistol license on February 27, 2023. His license was suspended due to his having carried his firearm outside of class (see Exhibit A, Notice of Suspension). Plaintiff had a "carry license" but a civilian reported to the Police Department that plaintiff had improperly displayed the weapon in the civilian's presence. The license was suspended temporarily in accordance with N.Y. Penal Law § 400.00 (11) which provides that "a license may be revoked and cancelled at any time....in the counties of Nassau and Suffolk, by the licensing officer." The suspension was implemented to afford the Police Department time to investigate the civilian's complaint. Upon suspension, plaintiff was required to temporarily transfer his 7 handguns to the Police Department for safekeeping. When the investigation indicated that plaintiff's license should be returned, it was given back to him along with his weapons approximately 5 months later.

Although plaintiff had an adequate remedy at law available to address the suspension under Article 78 of the New York CPLR, see e.g., *Trello v. McKeighan*, 624 F. Supp.3d 150, 157 (N.D.N.Y. Aug. 19, 2022), he opted not to file such a proceeding before commencing this case.

**LOCATION**
**H. LEE DENNISON BLDG.**
**100 VETERANS MEMORIAL HIGHWAY**   ♦

**MAILING ADDRESS**
**P.O. BOX 6100**
**HAUPPAUGE,  NY  11788-0099**          ♦

**(631) 853-4049**
**TELECOPIER (631) 853-5169**

## II.    Absence of Substantive Merit.

Plaintiff contends that defendants have failed to produce the following documents:

1) plaintiff's file from the Police Department's Pistol Licensing Unit ("PLB"), including documents relating to the suspension.

2) interrogatory responses.

3) Internal Affairs Bureau report.

4) "police misconduct records."

5) rules and procedures regarding the seizure of firearms and licenses.

6) police personnel records.

7) emails and other communications concerning the suspension of plaintiff's license.

Defendants have in fact produced all of these items, other than an Internal Affairs Bureau report and police misconduct records, items first requested only recently.

Plaintiff's entire PLB file, including the documents concerning the suspension, was produced as part of our initial disclosures. In response to individual demands served by plaintiff, defendants also provided relevant emails and the Police Department's rules and procedures pertaining to firearms (additionally, the PLB's handbook, which includes the rules to be observed by license holders and grounds for suspensions, is available on the Police Department's website). Recently, we supplemented our earlier production by providing records of unrelated calls to the Police Department by or about plaintiff. Defendants served timely responses to the interrogatories, which set forth written objections to those discovery requests we viewed as objectionable.

The Internal Affairs Bureau report is not yet complete. There are no prior complaints against individual defendants for suspension of a pistol license. (The only *Monell* claim in the complaint is one alleging improper suspensions of pistol licenses).

Indeed, other than emails between defendants and defense counsel, to which plaintiff is clearly not entitled, defendants have produced essentially everything they have relevant to this case.

Counsel's assertion that my office has refused to "meet and confer" is simply untrue. Pursuant to the Court's Order of February 26, 2024, I had a "meet and confer" with plaintiff's counsel, Richard Young. Sr. Esq., on March 8, 2024. I spoke only with Mr. Young because the Order provided that he was to be the "point of contact" on discovery matters instead of Mr. Morris. I confirmed the substance of the "meet and confer" by letter to Mr. Young the same

day (exhibit B). Presumably, Mr. Young did not take issue with the rendition of our "meet and confer" contained in the letter as he did not re-contact me.

Among the matters confirmed by my March 8, 2024 letter is that defendants are willing to produce the Internal Affairs report (once completed) pursuant to a stipulation of confidentiality. We also confirmed that we were willing to produce records of prior complaints against individual defendants concerning the suspension of pistol licenses only to later learn that there are no such complaints. A proposed confidentiality stipulation was sent with the letter. The letter also stated that we are open to discuss modification of the proposed stipulation. However, plaintiff did not reach out to us discuss modification.

Counsel's claim that defendants refuse to provide sworn interrogatory responses is simply incorrect. We served responses, albeit ones that properly included objections to certain questions. Notably however, plaintiff does not identify any particular objection that he believes is unwarranted. He certainly does not explain why defendants' exercise of their right to interpose discovery objections in the first instance warrants the harsh penalty of striking defendants' answer.

## III.    Procedural Improprieties

Again, the Court's February 26, 2024 Order directed that the "point of all contact going forward is Mr. Young, not Mr. Morris." Nevertheless, the motion is on the letterhead of Cory H. Morris, Esq., and bears his signature first. The motion bears a number of similarities to a letter filed by Mr. Morris in *Winters v. pHountain PH Holdings*, CV23-01668 (JMA) (JMW) (exhibit C), including similar subheadings and an identical paragraph on page 2 of each letter. It readily appears that notwithstanding the Court's Order, the motion was authored by Mr. Morris.

That the motion was written by Mr. Morris is also suggested by the inclusion of the untrue statement that defendants refused to "meet and confer" when there was in fact a "meet and confer" with Mr. Young.

To put it mildly, there is no basis for granting the motion, particularly as it seeks the extreme sanction of the striking of defendants' answer. Defendants request respectfully that the motion be denied.

We thank the Court for its ongoing time and attention to this case.

Respectfully submitted,

Christopher J. Clayton
Suffolk County Attorney

By:  */s/ Arlene S. Zwilling*
     Arlene S. Zwilling
     Assistant County Attorney