# THE LAW OFFICES OF CORY H. MORRIS
## CORY H. MORRIS, P.C.

January 5, 2024

**Via Electronic Case Filing Only**
Honorable James M. Wicks
United States Magistrate Judge
Eastern District New York
100 Federal Plaza, Central Islip. NY 11722

    Re:    **Patrick Cooley's joining in Plaintiff's Application for Sanctions, seeking either a pre motion hearing or the immediate striking of the Corporate Defendants' Answer and entry of a default judgment against the Corporate Defendants;**

    Case:    **Jada Winters v. pHountain PH Holdings Corp. and Patrick Cooley
Docket No.: 2:23-cv-01668 (JMA)(JMW)**

Dear Hon. Judge Wicks:

    This office represents Defendant Patrick Cooley, the former corporate employee, who respectfully requests, a pre motion conference if not immediate entry of a default judgment against PHOUNTAIN, PH HOLDINGS CORP inclusive of striking its claims against Patrick Cooley due to, *inter alia,* multiple repeated violations of court order together with the local and federal rules of civil procedure together with other relief that This Court deems just and proper.

## PROCEDURAL HISTORY

On or about March 6, 2023, Plaintiff filed a complaint against PHOUNTAIN, PH HOLDINGS CORP. ("PHOUNTAIN") and Patrick Cooley. Plaintiff's complaint is an employment discrimination matter for which she asserts jurisdiction pursuant to Title VII of the Civil Rights Act of 1964 along with pendent state claims.

The undersigned was retained to represent PATRICK COOLEY (hereinafter "Cooley") and promptly served a litigation hold notice. The attorney for PHOUNTAIN claims to have erroneously filed a notice of appearance on behalf of Mr. Cooley. The same attorney asserted three (3) cross claims against Mr. Cooley, an employee of PHOUNTAIN, titled contribution, indemnification and attorney's fees. PHOUNTAIN, PH HOLDINGS CORP's cross-claims reference no contractual or factual basis to be entitled to the relief sought, namely contribution, indemnification or attorney's fees. Surveillance video exists but was not produced to Cooley.

Defendant Patrick Cooley previously moved to dismiss the complaint on the basis that this Court does not have subject matter jurisdiction over this matter and submitted an application to dismiss PHOUNTAIN, PH HOLDINGS CORP's cross-claims against him. See D.E. 19. Defense counsel ignored the latter motion to dismiss for months. Still, not one but two settlement negotiations ensued. After the second settlement hearing, this Court So Ordered depositions for which Defendant Cooley and Plaintiff complied but PHOUNTAIN ignored not once but twice. Although, among other things, video evidence exists that exonerates Cooley, PHOUNTAIN has decided to withhold this evidence as per recent deposition testimony.

## LEGAL STANDARD

Plaintiff certifies that this application for sanctions pursuant to Federal Rule of Procedure 37 is made in compliance with Local Civil Rule 5.1, 37.1 and Your Honor's Individual Practice Rules. "In particular, among the types of sanctions available under Rule 37 are 'striking pleadings in whole or in part' and 'rendering a default judgment against the disobedient party.' " *Gesualdi v. Metropolitan Enterprises, Inc.*, No. 15-cv-1378 (ADS)(GRB) (E.D.N.Y. Nov. 29, 2016) (J. Spatt) (quoting Fed. R. Civ. P. 37 (b)(2)(A)(iii), (vi); *see also* Fed. R. Civ. P. 55(a)).

Video evidence exists and should have been produced as a matter of course. Defendant Cooley requested these records in November yet defense counsel refuses to produce it. Defense counsel claims she cannot reach her clients, a corporation. This is simply inexcusable.

Outstanding Discovery from the Defendant who asserts counterclaims against Cooley is long overdue and this case is unable to progress towards disposition. PHOUNTAIN defense counsel throws her hands up in the air, stating she cannot reach her client(s) and that there is nothing she can do to comply with court orders (e.g. for depositions), the local rules (e.g. meeting and conferring) or the federal rules in timely responding document demands. All efforts to obtain discovery from defendant without seeking the intervention from This Court has proven futile.

Mr. Cooley respectfully requests that "striking the Defendants' answer and entering a default judgment against them is an appropriate sanction for their unexplained failure to comply with [Your Honor's] discovery order..." (*Gesualdi v. Metropolitan Enterprises, Inc.*, No. 15-cv-1378) or, alternatively, Plaintiffs respectfully requests that this Honorable Court to allow Defendant to more formally move to strike the complaint whereby Plaintiff may seek appropriate relief, including reasonable attorney's fees (see Fed. R. Civ. P. 37), at such juncture for Defendant's ardent refusal to provide reasonable discovery, Defendant's failure to comply with Court Order and refusal to abide by the Federal Rules of Civil Procedure.

"Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a court `has broad discretion to impose sanctions' when a party engages in discovery misconduct." *Silverman & Silverman, LLP v. Pacifica Found.*, No. 11-cv-1894, 2014 U.S. Dist. LEXIS 102015, at *5 (E.D.N.Y. June 24, 2014) (Report and Recommendation) (quoting *Fleming v. City of N.Y.*, No. 01-cv-8885, 2006 U.S. Dist. LEXIS 55733, at *15 (S.D.N.Y. Aug. 9, 2006)), *adopted*, 2014 U.S. Dist. LEXIS 101717 (E.D.N.Y. Sept. 21, 2015).

Although Rule 37 sanctions are "a harsh remedy to be used only in extreme situations," *Agiwal v. Mid Island Mort. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted), they "protect other parties to the litigation from prejudice resulting from a party's noncompliance" and "serve other functions unrelated to the prejudice suffered by individual litigants[,]" including specific and general deterrence. *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010) (internal quotation marks and citations omitted).

In particular, among the types of sanctions available under Rule 37 are "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." *See* FED. R. CIV. P. 37 (b)(2)(A)(iii), (vi); *see also* Fed. R. Civ. P. 55(a) (authorizing the court to enter a default judgment against a party for failing to "plead or otherwise defend").

Defendant Cooley submits that PHOUNTAIN defense counsel's failures warrant striking of the answer. *See, e.g., Everhome Mortg. Co. v. Charter Oak Fire Ins. Co.*, No. 07-cv-98, 2011 U.S. Dist. LEXIS 105402 (E.D.N.Y. Apr. 18, 2011) (Report and Recommendation), *adopted*, 2011 U.S. Dist. LEXIS 102244 (E.D.N.Y. Sept. 12, 2011) (entering a default judgment against a party who consistently refused to respond to discovery requests; violated court orders; and ceased communicating with her counsel); *Gumwand, Inc. v. Gum Wand, Ltd.*, No. 15-cv-707, 2016 U.S. Dist. LEXIS 155852 (E.D.N.Y. Oct. 13, 2016) (Report and Recommendation), *adopted*, 2016 U.S. Dist. LEXIS 154466 (E.D.N.Y. Nov. 4, 2016) (striking the answer and entering a default judgment against a party who failed to appear at a court-ordered conference and failed to communicate with the court, despite a clear warning that doing so may result in a recommendation that a default judgment be entered); *Silverman & Silverman, LLP*, 2014 U.S. Dist. LEXIS 102015 (striking the answer and entering a default judgment against a party who refused to provide dates for witness depositions; ceased communicating with his adversary; and failed to respond to the plaintiff's motion for sanctions). Defendant, a corporation, and defense counsel's failures are inexcusable and cannot be resolved prior to the end of fact discovery as Ordered by Your Honor. While Plaintiff seeks attorney's fees without a formal application, Mr. Cooley submits that these violations (e.g. withholding the exonerative video) extends far beyond simply a "busted" deposition whereby two (2) settlement negotiations, among other things, ensued without the assistance of this video while Defendant PHOUNTAIN maintained crossclaims against Mr. Cooley. Mr. Cooley's motion to dismiss was unopposed (for months) until after the second settlement conference which, instead of good faith negotiations, PHOUNTAIN filed a belated opposition. United States District Court Judge Joan M. Azrack has not ruled on any of the dispositive motions in this matter so the costs for Cooley are not only increased but are compounded by PHOUNTAIN's willful withholding of exonerative video.

Although "[u]se of the harshest sanctions `is limited to cases involving `willfulness, bad faith, or any fault' on the part of the disobedient party," *id.* at *7 (quoting *Altschuler v. Samsonite Corp.*, 109 F.R.D. 353, 356 (E.D.N.Y. 1986), it has been held that "a party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault" to support the relief sought here. *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002), *aff'd*, 93 F. App'x 328 (2d Cir. 2004). Defendant presented such willful failure and fault upon the Corporation. Such failure is without excuse and flouts the legitimacy of this Court.

## CONCLUSION

PHOUNTAIN has unduly delayed the resolution of this case on the merits and Mr. Cooley respectfully requests that this Court strike Defendant's answer. Although, "The Federal Rules of Civil Procedure are merits oriented," *DaCosta v. Tranchina*, 285 F.Supp.3d 566, 578 (E.D.N.Y. 2018) and "decisions on the merits are not to be avoided on the basis of 'mere technicalities.'" *Schiavone v. Fortune*, 477 U.S. 21, 27, 106 S. Ct. 2379, 2383, 91 L. Ed. 2d 18 (1986) (quoting *Foman v. Davis*, 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962)), the delay and refusal to comply with, *inter alia*, Court Order merits this remedy.

Respectfully Submitted,

*CORY H. MORRIS [S]*