

LAW OFFICES OF
CORY H. MORRIS
ATTORNEY &
COUNSELOR AT LAW

*Via Electronic Case Filing Only*

April 11, 2024

Hon. Steven I. Locke
United States District Court
Eastern District of New York
Long Island Courthouse, Room 920
100 Federal Plaza
Central Islip, NY 11722

   re   *Reply to Defendants' opposition, ad hominin attacks, inappropriate discovery responses and demands for a confidentiality order;*

        Case:               *Eric Spronz vs. Suffolk County et al.*
        <u>Docket No:</u>        <u>23-cv-3689 (JMA)(SIL)</u>

Dear Judge Locke:

Defendants' answer should be conditionally stricken should its attorney not desire to comply with the local and federal rules such that I write to respond to, among other things, Defendants' (through Arlene Zwilling's) opposition that she refuses to meet/speak with one of Plaintiff's lawyers, that she refuses to properly respond to document demands and interrogatories (or even reproduce the question being answered) and also demands confidentiality orders where there is no longer a basis for police misconduct record confidentiality under Civil Rights Law Section 50-a.

## ARGUMENT IN REPLY

First, Plaintiff filed Combined Demands carefully drafted to this matter. Please see Plaintiff's Combined Demands and Interrogatories annexed hereto. The Defendants' responses to each are submitted herewith for the Court's review. Simply put, the Defendants have not turned over one document that would demonstrate any type of investigation into the suspension of Plaintiff's Second Amendment Rights requiring immediate and unconditional surrender of firearms.

Second, Plaintiff rejects the idea, unsupported by the law, that confidentiality is required for discovery. There is no basis for such a demand and Civil Rights Law Section 50-a is repealed. This has been litigated *ad nasuem*. At this point, it is not that defense counsel is unaware of this it is that Defendants flaunt the law and

require the Court to intervene should any litigant be so bold as to file civil rights cases against the County of Suffolk and actually seek discovery.

We have reason to believe, as stated in the complaint filed in this very matter, that one of the named Defendants the alleged assigned "investigator" was found to have lied to superiors, his credibility and veracity called into question, regarding an off duty Suffolk County Police Officer involved in a DWI with injuries, he informed his superiors that he conducted a field sobriety test, likely a Breathalyzer Test, and he had not. Clearly, the lead investigator's credibility is any issue that Plaintiff has every legal right to be apprised of. Defendants refuse to produce these records, identified in a pleading and known to exist.

Third, that defense counsel objects to speaking with counsel (and thus could not meet and confer), the undersigned suggests she focus on producing records in this litigation as opposed to, (as in other litigations), obstructing discovery that should be turned over as a matter of law. See, e.g., *MacFarlane v. Ewald et al*, 2:10-cv-02877-MKB-ARL (the same defense counsel represented discovery was produced only to have Suffolk County hire outside attorney try the case for which evidence was produced, over a decade after filing, within weeks before a jury trial).

Fourth, enclosed is a copy of the Interrogatories served upon the Defendants and Defense Counsel's Responses. That this level of sharp litigation from a seasoned attorney continues unabated should be addressed, admonished not awarded, and certainly not implicitly or otherwise endorsed by the Court – like the refusal to speak to one of the Plaintiff's attorneys after representing her retirement is imminent. These responses, (aside from this behavior), demonstrate that the Suffolk County Pistol License Section, in fact, unilaterally removes citizens' right to the Second Amendment and then conducts no investigation thereafter whatsoever.

Defendants must answer the interrogatories admitting that no investigation occurred: The Defendants have not produced a single investigatory document regarding the suspension of Plaintiff's Constitutional Rights under the Second Amendment other than a letter informing Plaintiff such right was suspended "pending investigation" and then a reinstatement letter issued immediately after this action was filed. Thus, the seizure of firearms and prohibition of the right to possess firearms was lifted because, and only because, this litigation was filed.

The only thing Plaintiff has received, are these two (2) letters provided herewith. There is nothing insofar that demonstrates any investigation into the alleged complaint that instantly resulted in his being denied his Constitutional Right or even to contacting the alleged complainant. To the contrary, the investigating officer states in his Response to Interrogatory that he contacted "no one" as part of his investigation matter. Again, this is the Suffolk County experience in the refusal to provide discovery, typical of the Defendants through this soon-to-retire attorney.

<u>**Plaintiff Respectfully Requests that this Court Allow this Matter to Expeditiously Move Towards Trial; Conditionally Striking the Answer or Advancing the Matter Towards a Jury Trial Without Further Delay**</u>

The type of sophistry employed by defense counsel is the likes of that Charles Dickens and William Shakespeare would quip over, to mock the law and taunt the

lawyer. Should this Court not intervene, by the conditional striking of the defendants' answer, we simply ask that the matter be set down for a jury trial at the Court's earliest convenience. See, e.g., *McDevitt v. Suffolk County et al*, 16-cv-04164 (GRB) (May 1, 2023) (prior to pandemic, to expedite the matter to trial, plaintiff waived depositions and defendants waived summary judgment motions).

If the Defendants (as the responses to the Interrogatories and Document Production to date demonstrate) admit that the "investigating officer" in fact conducted no investigation of any type, Plaintiff will accept that admission.

Not one witness was contacted, not even the alleged "complainant" who initially contacted the Suffolk County Police Department. Further, not one document has been produced that would demonstrate that any "investigation" of any type was ever undertaken, Plaintiff will accept that admission as well.

If on the other hand Defendant wishes to claim in the future that there was an "investigation" into the allegations which resulted in a six (6) month suspension (as experience would show) then Defendants are required to produce such testimonial statements and provide any documents that would support such an allegation now, not years from now. Suffolk County Pistol License Section continues to operate upon the belief that they can without judicial intervention revoke, suspend, remove citizens' Constitutional Right to the Second Amendment without consequence.

Defendants have chosen to utterly disregard the United States Supreme Court's numerous cases involving the Second Amendment against those who actually comply with obtaining the Pistol License, as if they are the Judiciary. The undersigned and Mr. Richard Young have participated in recent Red Flag Cases where a "child's" right to firearms require a Judicial Hearing prior to suspension of such rights even with children in Middle School. The Courtrooms in Riverhead are full of Suffolk County Police Officers testifying at these hearings, however, the Suffolk County Pistol License Section still operates without any regard for the laws requiring Judicial Intervention when suspending, revoking or removing a Constitutional Right.

## Conclusion

We ask the Court conditionally strike their answer if Defendants cannot comply with the rules, produce discovery without unconstitutional orders or refuse speak to attorneys before this Court. Thank you very much for your consideration.

Respectfully submitted,
THE LAW OFFICE OF CORY H. MORRIS

To: *by Electronic Case Filing Only*
Arlene Zwilling, Esq.
Suffolk County Attorney

Encl: