UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------X
ERIC SPRONZ,

                   Plaintiff,

          -against-

**FIRST SET OF
INTERROGATORIES**
2:23-CV-03689
(JMA)(SIL)

          -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE
STEVEN BELLONE, in his official capacity only.
SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K.
HARRISON, in his official capacity only, SUFFOLK
COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING
BUREAU LIEUTENANT MICHAEL KOMOROWSKI, in his
official capacity only, SUFFOLK COUNTY POLICE
OFFICER KEVIN WUSTENHOFF, in his individual and
official capacity, SUFFOLK COUNTY POLICE
OFFICER/PISTOL LICENSING BUREAU POLICE OFFICER
DANIEL JUGAN, in his individual and official
capacity, JOHN AND JANE DOE NO. 1-10, in their
official and in their individual capacity.

                   Defendants.
-------------------------------------------X

     Plaintiff, ERIC SPRONZ, by his attorneys, Richard W. Young,

Sr., Esq. and Cory H. Morris, Esq., pursuant to Rule 33 of the

Federal Rules of Civil Procedure, for his first set of

Interrogatories to defendant, hereby asks that defendant

separately and under oath provide within thirty days of service

of these Interrogatories, complete answers in response to the

following, and that all answers in response be sent to the office

of the undersigned, 863 Islip Avenue, Central Islip, New York,

11722.

## DEFINITIONS

A.    The definitions contained in Rule 47 of the Civil Rules of this Court are incorporated by reference herein.  "The incident" means the events alleged in this complaint which took place between February 1, 2023 through present.

### II

## CLAIM OF PRIVILEGE

If the party required to answer contends that the answer to any Interrogatory is privileged in whole or in part, or otherwise objects to any part of any Interrogatory, defendant is directed to state in writing with respect to each question for which he claims privileges or to which defendant objects, the following:

a)  State in detail the grounds for such claim privilege or reasons for such objection;

b)  Identify each person having knowledge of the factual basis, if any, on which the privilege or other ground is asserted; and

c)  If only part of the Interrogatory is objected to, respond to the remaining portion, indicating which portion is being answered.

### III

## INSTRUCTIONS

A.    The answer to each Interrogatory shall include such knowledge or information as is within defendant's possession, custody or control including but not limited to knowledge or

information in the possession, custody or control of any agents, servants, employees or independent contractors. Where facts set forth in answers or portions thereof are supplied upon information and belief, rather than actual personal knowledge, the answer should so state, and specifically describe or identify the sources of such information or belief. If the entire Interrogatory cannot be answered, answer to the fullest extent possible, specify defendant's inability to answer the remainder and stating whatever information you have concerning the unanswered portion.

B.   Each Interrogatory is to be answered separately and completely in writing, and under oath.

C.   The full text of the Interrogatory to which the answer is intended to respond is to be restated immediately preceding such answer.

D.   If, at any time, plaintiff obtains information or knowledge that the answer given in response to any Interrogatory was not true and correct when given, a statement in writing under oath consisting of the true and correct answer shall be served within ten days following the date upon which such knowledge was first obtained.

## To Steven Bellone, Suffolk County Executive:

1.   Have you during your time as County Executive ever issued any directives, orders, policy statements or otherwise instruct the Suffolk County Police Department in any manner

regarding the issuance or handling of matters pertaining to the Licensing of Pistol Permits by residents of Suffolk County.

3. Have you had any conversations with members of the Suffolk County Police Department regarding the issuance or handling of matters pertaining to the licensing of pistol permits by residents of Suffolk County.

4. Is it the policy of Suffolk County that the Suffolk County Police Department Pistol License Section is authorized to suspend pistol permits without any judicial review?

5. Is it the policy of Suffolk County that the Suffolk County Police Department Pistol License Section is authorized to seize and hold a citizens weapons without any judicial review?

6. Has your office issued any directives, memorandums or other such policy guidelines regarding the issuance or retention of pistol permits in Suffolk County?

If yes to any question:

a. State how such communication was made, to whom, date time and location and a sum and substance of the communication.


To: SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K. HARRISON:

1. Have you during your time as Suffolk County Police Commissioner received and directives, orders, policy statements or otherwise from the Suffolk County Executive or his office in any manner regarding the issuance or handling of matters pertaining to the licensing of pistol permits by residents of

Suffolk County?

    3.    Have you had any conversations with members of the Suffolk County Executive or members of his office regarding the issuance or handling of matters pertaining to the licensing of pistol permits by residents of Suffolk County?

    4.    Has your office issued any directives, memorandums or other such policy guidelines regarding the issuance or retention of pistol permits in Suffolk County?

    5. Is it the policy of the Suffolk County Police Department that the Pistol License Section is authorized to suspend pistol permits without any judicial review?

    6.    Is it the policy of the Suffolk County Police Department that the Pistol License Section is authorized to seize and hold a citizens weapons without any judicial review?

    Is it the policy of Suffolk County that the Suffolk County Police Department Pistol License Section is authorized to seize and hold a citizens weapons without any judicial review?

    If yes to any question:

    a. State how such communication was made, issued or communicated, to whom, date time and location and a sum and substance of the communication.

To: The COMMANDING OFFICER OF THE PISTOL LICENSING BUREAU LIEUTENANT MICHAEL KOMOROWSKI:

    1.    Have you during your time as Suffolk County Police

Commanding Officer of the Suffolk County Police Department Pistol Section received and directives, orders, policy statements or otherwise from the Suffolk County Executive or his office in any manner regarding the issuance or handling of matters pertaining to the licensing of pistol permits by residents of Suffolk County?

2. Have you during your time as Suffolk County Police Commanding Officer of the Suffolk County Police Department Pistol Section received and directives, orders, policy statements or otherwise from the Suffolk County Police Commissioner or his office in any manner regarding the issuance or handling of matters pertaining to the licensing of pistol permits by residents of Suffolk County?

3. Have you had any conversations with members of the Suffolk County Executive or members of his office regarding the the issuance or handling of matters pertaining to the licensing of pistol permits by residents of Suffolk County?

4. Has your office issued any directives, memorandums or other such policy guidelines regarding the issuance or retention of pistol permits in Suffolk County?

If yes to any question:

a. State how such communication was made, to whom, date time and location and a sum and substance of the communication.

5. Who made the final determination that the plaintiff's pistol license was to be suspended?

6. Who determined the length of suspension?

7. Who was consulted prior to making this determination?

8. Did you seek a judicial order to suspend the pistol license of the plaintiff?

9. On what date was it determined that the plaintiff's pistol license was to be suspended?

10. What is the name of the highest ranking officer who was consulted prior to the determination to suspend the plaintiff's pistol licence?

11. State all steps to investigate the matter regarding the plaintiff's pistol license suspension. This is to include all investigations undertaken, interviews with any witnesses, statements obtained, telephone calls, mailings, letters, emails note, notations and memorandums to or from anyone with knowledge other investigative undertakings. This is to include the names of those undertaking such investigations, dates times, records demonstrating time spent on this investigation.

TO: SUFFOLK COUNTY POLICE OFFICER KEVIN WUSTENHOFF:

1. Who assigned you to investigate this matter?

2. Who made the determination that the plaintiff's pistol license was to be suspended?

3. Who determined the length of suspension?

4. Who did you consult regarding the suspension of plaintiff's pistol license?

6    Did you seek a judicial order to suspend the pistol license of the plaintiff?

7. On what date was it determined that the plaintiff's pistol license was to be suspended?

8. What is the name of the highest ranking officer who was consulted prior to the determination to suspend the plaintiff's pistol licence?

9.    Steps you had taken to investigate the matter regarding the plaintiff's pistol license suspension. This is to include all investigations tactics and procedures undertaken, interviews with any witnesses, statements obtained and/or reviewed, telephone calls you made or received, mailings sent or received, letters, emails note, notations and memorandums to or from anyone with knowledge other investigative undertakings. This is to include the names of those undertaking such investigations, dates, times and records demonstrating time spent on this investigation.

13. Have you ever lied to superior officers of the Suffolk County Police Department regarding any investigation you were involved in?

10.   Have you ever received discipline or reassignment due to misconduct as a Police Officer with the Suffolk County Police Department?

11. Did you admonish the plaintiff for providing witness affidavits along with his required statement to the Suffolk County Police Department Pistol License Bureau regarding this incident?

12. Have you ever been a defendant in any lawsuit prior to this action?

13. Do you have written policies regarding investigating pistol license suspensions?

14. Do you have set suspension time parameters for violations of a rule regarding a Suffolk County Pistol License?

15. Specifically what rule is it alleged the Plaintiff herein violated regarding his Suffolk County pistol license?

16. Name all persons you communicated with in any matter regarding the plaintiff's pistol license suspension?

17. Name all other Suffolk County pistol license holders who you investigated and who received a suspension for the alleged violation that the plaintiff herein was deemed to have committed.

TO: POLICE OFFICER DANIEL JUGAN:

1. Please state your full involvement in the suspension of the plaintiff's pistol license by the Suffolk County Police Department Pistol License Bureau.

DATED:     Central Islip, New York
           October 6, 2023

                              _____
                              Richard W. Young, Sr., Esq.
                              RWY(7633)
                              Attorney for Plaintiff(s)
                              863 Islip Avenue
                              Central Islip, NY  11722
                              (631) 224-7500

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
ERIC SPRONZ,

                              Plaintiff,          **DEMAND FOR NAMES**
                                                  **AND ADDRESSES OF**
                                                  **ALL WITNESSES**
                                                  2:23-CV-03689
                                                  (JMA)(SIL)

            -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE
STEVEN BELLONE, in his official capacity only.
SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K.
HARRISON, in his official capacity only, SUFFOLK
COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING
BUREAU LIEUTENANT MICHAEL KOMOROWSKI, in his
official capacity only, SUFFOLK COUNTY POLICE
OFFICER KEVIN WUSTENHOFF, in his individual and
official capacity, SUFFOLK COUNTY POLICE
OFFICER/PISTOL LICENSING BUREAU POLICE OFFICER
DANIEL JUGAN, in his individual and official
capacity, JOHN AND JANE DOE NO. 1-10, in their
official and in their individual capacity.

------------------------------------------X
S I R S:

            PLEASE TAKE NOTICE, that plaintiff by his attorneys in

this action demands that pursuant to Rule 26 of the Federal Rules

of Civil Procedure and all other applicable Federal Rules that

may apply, you set forth in writing, under oath, and serve upon

the undersigned within twenty (20) days of this action:

      1.    The names and addresses of each person known or claimed

by you or any party you represent in this action to be a witness

to:

            (a)   The occurrence alleged in the complaint in this

action; or,

(b)  Any acts, omissions, or conditions which are the subject of this complaint; or,

2.  The name and command of the superior officers of the defendants named herein on the date in question.

3.  The name of any investigating officer who may be called as a defense witness.

PLEASE TAKE FURTHER NOTICE, that this is a continuing demand and that appropriate motions will be made at the trial of this action to preclude the testimony of any witness to the above described facts and circumstances who is not identified by you in response to this notice

Dated:  Central Islip, New York
        October 6, 2023

                            Richard W. Young, Sr., Esq.
                            RWY(7633)
                            Attorney for Plaintiff(s)
                            863 Islip Avenue
                            Central Islip, NY  11722
                            (631) 224-7500

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ERIC SPRONZ,

                    Plaintiff,

                                              **COMBINED DEMANDS**

              -against-
                                              2:23-CV-03689
                                              (JMA)(SIL)


COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE
STEVEN BELLONE, in his official capacity only.
SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K.
HARRISON, in his official capacity only, SUFFOLK
COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING
BUREAU LIEUTENANT MICHAEL KOMOROWSKI, in his
official capacity only, SUFFOLK COUNTY POLICE
OFFICER KEVIN WUSTENHOFF, in his individual and
official capacity, SUFFOLK COUNTY POLICE
OFFICER/PISTOL LICENSING BUREAU POLICE OFFICER
DANIEL JUGAN, in his individual and official
capacity, JOHN AND JANE DOE NO. 1-10, in their
official and in their individual capacity.

                    Defendants.
----------------------------------------X
S I R S :

     **PLEASE TAKE NOTICE**, that pursuant to the Federal Rules of
Civil Procedure, including but not limited to Rule 26 and Rule
34, you are requested to produce and permit discovery by the
plaintiffs, of the following within twenty (20) days of the
receipt of these demands, unless an individual demand specifies a
shorter period to respond:


          ( x )  NAMES AND ADDRESSES OF ALL WITNESSES

          ( x )  ADVERSE PARTY STATEMENTS OR SUMMARIES

          ( x )  ACCIDENT/INCIDENT REPORTS

          ( x )  PHOTOGRAPHS

          ( x )  MEDICAL REPORTS

          ( x )  NAME AND ADDRESSES OF EACH PARTY AND ATTORNEY

**ALL TO BE PRODUCED IN NATIVE FORMAT. IF ANY DOCUMENT WAS PRODUCED BY ANY COMPUTER TYPE EQUIPMENT INCLUDING BUT NOT LIMITED TO A WORD PROCESSOR META DATE EXISTS AND IS DEMANDED.**

The foregoing will be produced on the **8th day of December 1st 2023 at 2:00 P.M.,** or prior thereto, at the office of the undersigned as per court order and must be in plaintiffs possession by said date. **Responses received thereater will result in a motion seeking sanctions.**

The foregoing demands are continuing demand. Your failure to furnish the above information as it becomes known to you will result in preclusion at trial as to those items not so provided.

**PLEASE TAKE FURTHER NOTICE,** that in the event that you fail to respond or to produce the aforesaid at the time and place indicated, a motion will be made for the appropriate relief, including preclusion, sanctions, costs and attorney's fees.

## NAMES AND ADDRESSES OF ALL WITNESSES

You are obligated to produce, by the date stated an NO LATER, the names and addresses of all witnesses whose testimony:

1. Reflects on the issue of liability and damages, such as eyewitnesses to the incident.

2. Relates to the issues pleaded.

3. Sheds any light on the conduct of any party herein, or which can relate to actual or constructive notice issues.

4. Provides information about the actions of any of the parties, or of any non-parties, before, during, or after the alleged occurrence.

5. Covers any information which bears on the liability issue, and which is relevant, including admission witnesses.

## ADVERSE PARTY STATEMENTS OR SUMMARIES

Federal Rules of Civil Procedure requires the production of statements made by the plaintiff, whether in writing or electronically recorded. It also requires the production of a summary of a statement prepared by defendant's investigator or representative.

## ACCIDENT/INCIDENT REPORTS

Please disclose copies in NATIVE FORMAT of any records/investigation reports, memorandum, notes, e-mails, text messages, any communication of any sort and summaries, investigations, notifications or other reports prepared in the regular course of business regarding anything involved in this matter.

## INVESTIGATIVE REPORTS

Please disclose in NATIVE FORMAT all documents that were generated as a result of the incidents complained of in the complaint by any agent, employee, subcontractor or otherwise in control of the County Defendant herein.

## PHOTOGRAPHS

Photographs in NATIVE FORMAT showing the scene of the incident, or any matter or issues raised directly or indirectly in the complaint which are discoverable. Photographs are visual statements under the Federal Rules. In addition to actual photographs in NATIVE FORMAT ONLY. Copies are not acceptable.

## DOCUMENTS

All policies of the Suffolk County Pistol License Bureau. All Rules and Regulations for Suffolk County Pistol License Holders, including published or unpublished.

All Notations, memorandums, notes, emails, letters, correspondence, time records, investigative reports, statements or any writings regarding the plaintiff's pistol license suspension.

Any document that the defense intends to offer in either a motion for summary judgment or at trial.

Any exculpatory evidence in possession of the defense.

Dated:    October 6, 2023
          Central Islip, New York

                              _____

                              Richard W. Young, Sr., Esq.
                              RWY(7633)
                              Attorney for Plaintiff(s)
                              863 Islip Avenue
                              Central Islip, NY  11722
                              (631) 224-7500

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
ERIC SPRONZ,

                                Plaintiff(s),        **PLAINTIFF'S**
                                                     **FIRST REQUEST FOR**
        -against                                     **PRODUCTION OF**
                                                     **DOCUMENTS RULE 34**
                                                     2:23-CV-03689
                                                     (JMA)(SIL)

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE
STEVEN BELLONE, in his official capacity only.
SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K.
HARRISON, in his official capacity only, SUFFOLK
COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING
BUREAU LIEUTENANT MICHAEL KOMOROWSKI, in his
official capacity only, SUFFOLK COUNTY POLICE
OFFICER KEVIN WUSTENHOFF, in his individual and
official capacity, SUFFOLK COUNTY POLICE
OFFICER/PISTOL LICENSING BUREAU POLICE OFFICER
DANIEL JUGAN, in his individual and official
capacity, JOHN AND JANE DOE NO. 1-10, in their
official and in their individual capacity.

                                Defendant(s)

---------------------------------------X

        PLEASE TAKE NOTICE, that pursuant to Rule 34 of the
Federal Rules of Civil Procedure, Plaintiff, hereby demands that
the defendants produce for inspection and coping at the office of
Richard W. Young, 863 Islip Avenue, Central Islip, New York,
11722 on **December 8, 2023, at 2:00 p.m.**, the following documents:

                            DEFINITIONS

        For the purpose of this request for production of
documents, the following definitions shall apply:

        A.      "person(s)" means any natural person, corporation,
partnership, trust, estate, political subdivision, agent,
subcontract or other entity in the control of the defendant
SUFFOLK COUNTY.

        B.      The term "document" means, without limitation **IN
NATIVE FORMAT** the original and any and all drafts and copies of
any writings of any kind in the possession, custody or control of

the defendant (as defined hereinafter) including but not limited to correspondence, records, reports, memoranda, notes, letters, telegrams, telexes, messages, (including but not limited to, reports of telephone conversations and conferences), prospectuses, studies, analyses, books, magazines, newspapers, booklets, circulars, bulletins, instructions, minutes, other communications, contracts, memoranda of agreements, assignments, books of accounts, orders, records or summaries of negotiations, records or summaries, of personal interviews or conversations, diaries, schedules, printouts, drawings, specifications, work papers, invoices, statements, bills, checks, bank books, bank statements, income tax forms, worksheets, notebooks, data sheets, all other written or printed matter of any kind, and all other data compilations from which information can be obtained, and translated, if necessary. Any such document bearing on any pages thereof any marks such as initials, stamped indices, contents or notations of any character and not part of the signed text or photographic reproduction thereof is to be considered and produced as a separate documents.

**NATIVE FORMAT INCLUDES ANY DOCUMENT PRODUCED BY ANY ELECTRONIC MEANS INCLUDING BUT NOT LIMITED TO WORD PROCESSORS. IF A DOCUMENT HAS BEEN PRODUCED IN A FORMAT OTHER THAN HAND WRITTEN OR TYPEWRITTEN PLAINTIFF DEMANDS NATIVE FORMAT PRODUCTION.**

C.   The term "plaintiff(s)" refer to plaintiff Eric Spronz, his attorneys, investigators, or agents of any type.

D.   The term "defendants" refers to all defendants named herein unless specified to a particular individual or municipal defendant.

E.   The term "Municipal Defendants" refers to SUFFOLK COUNTY but not limited to POLICE DEPARTMENT.

INSTRUCTIONS

A.   Each request for documents covers the period from October 1, 2018 through the present time, unless otherwise specified or applicable.

B.   If a requested document has been lost or destroyed, state for each document:

(I) a description of the nature and substance of the document;
(ii) identify the author and date of the document:

(iii) the date of and reason for
destruction, if applicable;
(iv) whether duplicates of such
documents exist and the last known
person having possession of same.

C.    If a statutory or common-law privilege is claimed
with respect to any requested document; then

(I) state the basis of the claim of
privilege;
(ii) identify the nature and
substance of the document; and
(iii) identify the author and date
of document.

D.    This request shall be deemed continuing in nature.
If any requested document shall come into defendant's possession
subsequent to its response, such document shall be produced for
inspection and copying within ten (10) days thereof.

## DOCUMENTS REQUESTED

With respect to each of the municipal corporate defendants:

1. County of Suffolk to provide all cell phone numbers, known to
Suffolk of any County defendant, of any co-defendant whether or
not such cell phone was provided to that defendant by the County
Defendant, or that co-defendant's use of a personal cell phone
regarding any communication regarding this matter including
calls, text messages, e-mails, voicemail or otherwise and all
telephone bills associated with such telephone.

2. If any writing, memoranda, summary or other memorization of
said communication regarding any issue involving the plaintiff
herein this demand has no time period.

3. Provide a list of any communication to anyone whatsoever
regarding the plaintiff herein by date, time and parties to the
communication and a summary of same. This demand has no time period.

4. Identify the custodian of all ESI from any defendant under the
control of Suffolk County. This is to include Police
Headquarters, the 5th, 6th and 7th precincts and any other police
precincts or units, sections, divisions that were involved in
this matter.

5. Demand the entire IAD Investigation including all reports, notes, memorandum, or otherwise regarding their investigation into this matter without limitation which plaintiff's received communications from IAD.

6. Demand any communication involving the plaintiff(s) by persons in the employment or control of the respective Municipal Defendants without limitation.

7. Demand communications between all co-defendants about the plaintiff herein. This is to include all texts messages, voice mails, twitter, e-mails, or other form of communications in **NATIVE FORMAT**.

8. Demand Personal file of all defendants herein, including all internal affairs investigations conducted without limitation. More specifically with regard to KEVIN WUSTENHOFF.

9. Demand a list of all persons whose pistol license has been suspended by the Suffolk County Pistol License Bureau where an alleged violation of the same rule or policy the plaintiff hereunder was suspended.

11. Demand personnel files for all defendants listed herein in the employ of Suffolk County.

12. Demand all files of any investigations conducted regarding this matter whatsoever without limitation.

13. Demand all communications, notifications, appraisals or memorandum sent to anyone within the Suffolk County Police Department regarding this matter whatsoever. With particularity to notifications to senior officers or the Police Commissioner of any matter contained herein.

14. Demand all statements made by any witnesses to any governmental agency whether named herein or not which pertain to this matter whatsoever.

15. Any and all photographs, video or digital imaging, audio recordings taken that involves anything regarding this incident.

16. Demand of all reports associated with this incident, including but not limited to, any reports made by supervisors, police officers, internal affairs, or other agents of either defendant that are in the possession of any of the defendants.

17.  Demand all disciplinary charges or proceedings including dispositions which arose out of this incident.  If none so state.

18. Demand any changes in policy which were instituted after this incident which could relate no matter how innocuously to the conduct of employees involved in this matter.

19. Demand any statements, memorandums, memo book entries for the incident herein, including but not limited to, any detective daily activity sheets or descriptions of the incident made by or to any defendants herein.

20.  Demand any statements, memorandums, notes or other communications regarding the incident at issue made by any superior officers, managers, bosses, supervisors, or any other person designated to be in a position above those defendants named herein including, agents, experts, consultants or others advising anyone of the incident herein.

23.  Copies of all documents maintained by the Suffolk County Police Department regarding the plaintiff(s) herein, including but not limited to, the original report taken, any subsequent amendments of that report, all cover letters, notes and memorandum accompanying said reports in the possession of the Defendants.

24.  Copies of any and all written, recorded or video statements attributed or alleged to be made by the plaintiff and held by any defendant.  If none so state.

25.  Copies of logs, roll call sheets, sign out sheets or other documents that will detail the assignment, location or whereabouts, of the defendants for any time period they were involved in this matter, investigation, supervision or otherwise, maintained by municipal corporate defendant.  If none so state.

26.  Plaintiff's demand a forensic search of both municipal defendants' computer systems seeking any documents, text messages, e-mail, voice mail or other information regarding the plaintiffs herein.

Please take notice this is a continuing demand and requires all documents, reports, memorandum, records, notes, communications and any other information to be **provided in useable, searchable native format with all meta data.** Failure to provide same will result in a motion seeking to strike your answer and ask the court for an Order deeming that your response is spoiled and not admissible.

Dated:     October 6, 2023
           Central Islip, New York

                              Richard W. Young, Sr., Esq.
                              RWY(7633)
                              Attorney for Plaintiff(s)
                              863 Islip Avenue
                              Central Islip, NY  11722
                              (631) 224-7500