# Richard W. Young Sr., Esq.

*ATTORNEY AT LAW*
863 ISLIP AVENUE
CENTRAL ISLIP, NEW YORK 11722-4816
PHONE - (631) 224-7500
FAX - (631) 224-9400
*WWW.YOUNGANDYOUNGESQ.COM*

July 24, 2024

**VIA ECF**

Magistrate Judge Steven I. Locke
U.S. District Court, Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

    Re:    **Plaintiff's Motion to Compel Outstanding Discovery, Contempt of Court or Alternatively Strike Defendants Answer for Failure to Comply**
            Spronz v. County of Suffolk, et al.
            2:23-cv-03689-JMA SIL

Dear Judge Locke:

      Please accept this letter brief by plaintiff requesting that this honorable Court Order the production of outstanding discovery as described below under threat of contempt of court or issue an Order pursuant to Federal Rule of Civil Procedure 37 for appropriate relief, inclusive of the striking of defendants' answer. After meeting and conferring, defendants refuse to comply with The Court's Order regarding the "internal affairs investigation concerning plaintiff's claims...The Court is ordering that the report be completed and produced on a confidential basis no later than July 1, 2024." D.E. 25.

## Procedural History

    Plaintiff complied with Your Honor's Individual Practice Rules by meeting and conferring without the presence of plaintiff's co-counsel, Mr. Morris. The Court's May 1, 2024 Order, D.E. 25, was unequivocal in its instruction of the completion of plaintiff's report, albeit defendants refuse to produce the attachments, audio interviews and, in fact, certify completion of the report.

    On May 1, 2024, the Court Ordered production of the Internal Affairs Unit Reporting concerning plaintiff's claims to occur on or before July 1, 2024. That did not occur.

    On July 1, 2024, defendants did not produce the report but instead, without any prior notice and knowing full well that this unequivocal Court Order existed, decided to require plaintiff to use third-party software knowing full well that Suffolk County was 'hacked' and such electronic link was inappropriate given the multimillion dollar technology problem Suffolk County already suffered. See Mark Harrington, *Suffolk County cyberattack recovery costs hit $25M; final tab still being tallied ,*

Newsday (July 21, 2024); available at: https://www.newsday.com/long-island/suffolk/suffolk-cyberattack-ulul94lm. Defendants, through counsel Arlene Zwilling, thus did not produce the report to plaintiffs in violation of Court Order. Both parties met and conferred and defense counsel stated such report would be sent through the mail.

On July 2, 2024, the undersigned did demand to Arlene Zwilling that "As a retired NYPD Sergeant I mean 'all' documents which would be part of any real Internal Affairs investigation. Let's not play any more games Arlene." Production of the records would not occur until a week later. After pouring through the records with co-counsel, it became clear that the reports were incomplete. Not only was production delayed by Ms. Zwilling, defendants refuse to identify the records that exist and are withheld, refuse to provide a privilege log, refuse to bates stamp records and are intentionally withholding audiovisual records albeit ordered produced by this Honorable Court on May 1, 2024.

Plaintiff received an incomplete report without identifying the records produced (e.g. bates stamp numbering) nevertheless the documentation withheld. On July 12, 2024, the undersigned did state to Arlene Zwilling, defense counsel, *in toto*:

> The disks are devoid of any information regarding the incident involving the off duty intoxicated Suffolk County Police Officer (involving a motor vehicle accident with serious physical injuries mis-identifying Wendell Drayton). Moreover, I demand that the entire IAD [sic] Report be provided including all interviews, audio recordings, and video recordings. This is unacceptable conduct. While the reports reference attachments on this particular matter your own list of documents provided fails to include the word "Attachments". Clearly, without any plausible defense you are withholding evidence you were ordered to turn over by the Federal Court. Send all attachments referenced in both the 19-215i and 20-288i immediately or I will move the Court seeking an order including immediate costs and sanctions.

It should be noted that on the most recent matter wherein Internal Affairs investigated Mr. Spronz's incident IAD found the officer's conduct proper. This IAD Report and all attachments were provided and the cover letter sent by Ms. Zwilling reflects that they are provided. These included audio tape recordings of interviews and telephone calls with Mr. Spronz, as well as witnesses. However, where Internal Affairs instituted charges against defendant Wustenhoff the attachments were not provided and the cover letter is devoid of stating attachments provided.

What was provided was just the IAD Report that found Officer Wustenhoff guilty. This document references all the attachments Ms. Zwilling identifies but does not provide the actual attachments which we demanded (see attachment list annexed hereto). In light of the fact that the conduct at issue there involved actual fabrication of evidence in a criminal investigation, lying to investigating officers about the fabrication of evidence and then ultimately admitting to same, we seek all the attachments including the audio and video recordings.

Moreover, the demand under Freedom of Information produced documents directly relating to that IAD Investigation and the findings which were not produced by Ms. Zwilling. For these reasons we ask the court for it's intervention in enforcing the Order issued which required the entire file, including it's ultimate resolution of the charges they instituted against Officer Wustenhoff.

On July 16, 2024, the undersigned did meet and confer with Arlene Zwilling, where both parties acknowledged that records known to exist were withheld from plaintiff's counsel which was stated in an electronic mailing that "The latest IAD [sic] File which exonerated Wustenhoff had ALL attachments. The IAD [sic] file from the incident at Southside Hospital which instituted department charges had NO attachments."

Specifically, on July 16, 2024, the undersigned stated "I demand all attachments including audio, photographs, text images and video that exist. Please send forthwith. Failure to do so will result in an immediate motion seeking dismissal of the County's Answer, sanctions [sic], as well as all costs and legal fees for having to make the motion." In response, defense counsel Arlene Zwilling did state in writing "As best as I can tell from your email, you say that you did not receive the attachments to 20-288i. Is that correct? Again, I have removed Cory Morris from this email chain." No further efforts to comply at the Court Order were made by defense counsel. The attachments have not been provided which are the necessary facts and evidence which plaintiff requires to conduct a proper deposition. Simply providing a list of charges brought against the defendant wherein he ultimately pled guilty to serious charges does not provide the proper disclosure and in fact demonstrates that the documents, audio tapes and possibly video tapes are damning to the credibility of the defendant.

### DEFENDANTS' ANSWER SHOULD BE STRUCK IF COUNSEL IS NOT HELD IN CONTEMPT

Defendants will not produce discovery responsive to the Court Order. Defendants will not comply with the local and federal rules. Defense counsel will not include plaintiff's co-counsel on electronic mailings detailing discovery abuses, nevertheless the refusal to comply with the unequivocal May 1, 2024, D.E. 25, Order of this Honorable Court. Plaintiff certifies that this application is made in compliance with Local Civil Rule 37.1 and Local Civil Rule 5.1.

Defendants were served a litigation hold notice and "the obligation to [locate relevant evidence] runs first to counsel, who then has a duty to advise and explain to the client its obligations." *Telecom Int'l Am. Ltd. v. AT & T Corp.*, 189 F.R.D. 76, 81 (S.D.N.Y. 1999) and defendants failed to take steps to obtain documentation responsive to a valid, clear, Court Order. The violation of this Court Order should result in a contempt finding if not hearing for the same.

Rule 37 sanctions "protect other parties to the litigation from prejudice resulting from a party's noncompliance" and "serve other functions unrelated to the prejudice suffered by individual litigants[,]" including specific and general deterrence. *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010) (internal quotation marks and citations omitted). The undersigned sought the counsel of Mr. Morris because of his knowledge of Suffolk County, his trial experience and specifically his expertise in the inner workings of the Suffolk County Police

Department Internal Affairs Bureau. Defense counsel seeks to remove both the damning (entire) Internal Affair Unit Report and plaintiff's attorney in this case.

Should defense counsel wish to violate Court Order, desire to willingly violate the federal and local rules of this Court, the Court should simply strike defendants' answer. *See, e.g.,* **Everhome Mortg. Co. v. Charter Oak Fire Ins. Co.,**No. 07-cv-98, 2011 U.S. Dist. LEXIS 105402 (E.D.N.Y. Apr. 18, 2011) (Report and Recommendation), *adopted,* 2011 U.S. Dist. LEXIS 102244 (E.D.N.Y. Sept. 12, 2011) (entering a default judgment against a party who consistently refused to respond to discovery requests; violated court orders; and ceased communicating with her counsel); **Gumwand, Inc. v. Gum Wand, Ltd.,** No. 15-cv-707, 2016 U.S. Dist. LEXIS 155852 (E.D.N.Y. Oct. 13, 2016) (Report and Recommendation), *adopted,* 2016 U.S. Dist. LEXIS 154466 (E.D.N.Y. Nov. 4, 2016) (striking the answer and entering a default judgment against a party who failed to appear at a court-ordered conference and failed to communicate with the court, despite a clear warning that doing so may result in a recommendation that a default judgment be entered); **Silverman & Silverman, LLP.,** 2014 U.S. Dist. LEXIS 102015 (striking the answer and entering a default judgment against a party who refused to provide dates for witness depositions; ceased communicating with his adversary; and failed to respond to the plaintiff's motion for sanctions).

Plaintiff should not have to "guess until yes" or proceed in some sort of Samuel Beckett run-around to have defendants comply with unequivocal Court Orders. If the defendants do not wish to comply with the rules or Court Order, we suggest that the answer be stricken already.

**DEFENDANTS' FLAUNT THE FEDERAL AND LOCAL RULES GOVERNING PRODUCTION**

Defendants frustrate discovery by simply refusing to comply with rules governing disclosure and identifying documentation responsive to discovery demands. "[T]he responding party must 'state with specificity' the grounds, if any, for objecting to the request, and, if there is an objection, 'state whether any responsive materials are being withheld on the basis of that objection.' ". **Winfield v. City of New York,** 2017 WL 5664852 (S.D.N.Y. 2017)(quoting Fed. R. Civ. P. 34(b)(2)(B)-(C); see also **City of Hartford v. Monsanto Co.,** 2017 U.S. Dist. Lexis 181641, n.1., (D. Conn. Nov. 2, 2017). Among others, Federal Rules 26 and 34 give clear directives to defendants to which defendants simply refuse to comply. Defense counsel knows this– these are not new rules. Thus, plaintiff was forced to make this application to the Court.

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed.R.Civ.P. 26(b)(1). "Absent a claim of privilege, instructions not to answer questions at a deposition are improper." **SourceOne Dental, Inc. v. Patterson Companies, Inc.,** 2017 WL 9527377, at (E.D.N.Y. Feb. 3, 2017) (quoting cases).

" '[T]he burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship.' " **Von Bulow by Auersperg v. von Bulow,** 811 F.2d 136, 144 (2d Cir. 1987) (quoting *In re Grand Jury Subpoena Dated Jan. 4, 1984,* 750 F.2d

223, 224 (2d Cir. 1984). Thus, the party seeking to invoke the privilege must establish all elements of the privilege. *Bowne of NYC, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 470 (S.D.N.Y. 1993) (Dolinger, M.J.) (collecting cases). Defendants should not benefit from delay, rule violation and discovery obfuscation. An appropriate sanction should issue, addressing the time spent by all sides, reviewing incomplete productions and guessing what else is out there.

## CONCLUSION

Defendants have unduly delayed the resolution of this case on the merits and plaintiff respectfully requests that this Court strike defendant's answer or hold defendants in contempt of Court. Although, "The Federal Rules of Civil Procedure are merits oriented," *DaCosta v. Tranchina*, 285 F.Supp.3d 566, 578 (E.D.N.Y. 2018) and "decisions on the merits are not to be avoided on the basis of 'mere technicalities.' " *Schiavone v. Fortune*, 477 U.S. 21, 27, 106 S. Ct. 2379, 2383, 91 L. Ed. 2d 18 (1986) (quoting *Foman v. Davis*, 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962)), defendant's delay and wilful refusal to comply with, *inter alia*, an unequivocal Court Order to produce specific records merits striking the defendant's answer.

The Federal Rules of Civil Procedure were put in place "to secure the just, speedy, and inexpensive determination of every action." *See* Fed. R. Civ. P. 1." Defendant has violated this rule and caused plaintiff to run around in ever diminishing circles until this Court orders some meaningful relief to not only prevent the behavior of counsel in this case but to deter future litigants who desire to abscond from the rules concerning record production, nevertheless Court Orders.

Very truly yours,

Richard W. Young, Sr., Esq.
(RWY7633)

CC: Arlene Zwilling, Esq. (via electronic case filing only)

## ATTACHMENT LIST

1. IAPro Entry — 2 pgs.
2. Event Detail Report — 11 pgs.
3. Simplified Traffic Information — 2 pgs.
4. IRS Entry/Incident Report Continuation CC# 20-399447 — 5 pgs.
5. Field Report CC# 20-416142 — 1 pg.
6. SCPD Duty Chart — 1 pg.
7. MV104A — 1 pg.
8. Crime Scene Log — 1 pg.
9. Sgt. McQuade Written Notes — 4 pgs.
10. Det. Ellis Case Notes — 7 pgs.
11. Data Retrieval Report — 4 pgs.
12. Property Invoice/Evidence Analysis/Crime Lab Report — 10 pgs.
13. Cellphone Records — 11 pgs.
14. Sgt. McQuade Electronic Memo Book — 2 pgs.
15. P.O. Wustenhoff Electronic Memo Book — 2 pgs.
16. Kevin Cavooris Statement — 2 pgs.
17. Robert Brower Statement — 1 pg.
18. Anthony Bencivenga Statement — 1 pg.
19. Ronald Brandt Statement — 1 pg.
20. John Melendez Statement — 2 pgs.
21. Det. Hughes Notes — 19 pgs.
22. Sgt. McQuade Supplementary Report — 2 pgs.
23. P.O. Wustenhoff Supplementary Report — 1 pg.
24. D/I Fisher Supplementary Report — 1 pg.
25. P.O. Antola Supplementary Report — 1 pg.
26. P.O. Greene Supplementary Report — 1 pg.
27. P.O. Feuge Supplementary Report — 1 pg.
28. P.O. Cutrone Supplementary Report — 1 pg.
29. SCPD Rules & Procedures Chapter 2 Section 14 — 8 pgs.
30. SCPD Rules & Procedures Chapter 8 Section 2 — 13 pgs.
31. SCPD Rules & Procedures Chapter 10 Section 3 — 12 pgs.
32. SCPD Rules & Procedures Chapter 13 Section 5 — 4 pgs.
33. SCPD Rules & Procedures Chapter 16 Section 2 — 16 pgs.
34. Department Special Order 15-04 — 2 pgs.

## CD ATTACHMENTS

1. Crime Scene & Search Warrant/Evidence Recovery Photos CC# 20-399448
2. Confidential Investigation Photos CC# 20-416142
3. Cellebrite Extraction Report
4. Communications Recordings
5. Star Gas & St. James Transmission Video