
July 25, 2024

Hon. Steven I. Locke, U.S.M.J.
United States District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re: *Spronz v. County of Suffolk, et al.*,
 Docket No. 23-cv-3689 (JMA) (SIL)

Dear Judge Locke:

The Suffolk County Attorney's Office represents defendants in this action pursuant to 42 U.S.C. § 1983 brought by plaintiff Eric Spronz. Defendants submit this letter in opposition to plaintiff's Rule 37 letter-motion dated July 24, 2024.

The motion should be denied because defendants have produced all documents which plaintiff claims they have not produced. Furthermore, there was no meet and confer prior to this motion being made and thus the motion is procedurally improper.

On July 1, 2024, we attempted to email Mr. Young the Internal Affairs Bureau (IAB) files in question. The first file we emailed was a common zip file that can be opened on almost any device manufactured in the past three decades. We did not "require plaintiff to use third-party software" as Mr. Young states. We assume that Mr. Young found it difficult to open the electronic file because he informed us that he did not want to receive emailed documents. At his request, we copied the IAB files onto CDs which we produced for him. No materials were withheld from these files on grounds of privilege or for any other reason.

Thereafter, I received a couple of cryptic emails from Mr. Young in which he appeared to assert that documents were missing from the CDs. Since it was not clear what documents Mr. Young believed were missing, on July 16, 2024, I sent him two emails seeking clarification (Exhibit A). He never responded. The next contact we had from his office was the present motion.

If Mr. Young wishes, we will provide him another set of copies of the entire files. If he wishes to have only copies of those items he believes were omitted from the CDs, we can provide him additional copies once he identifies them for us.

Mr. Young's statement that there was a "meet and confer" on July 16, 2024 is not accurate. There was no meet and confer at any time before plaintiff made the motion. I have not spoken with Mr. Young in quite some time and to the best of my knowledge, he has not called my office to speak with me since prior to our production of the IAB files.[1]

Clearly, plaintiff has failed to demonstrate that the punitive Order he seeks is warranted. Defendants respectfully request that the motion be denied.

We thank the Court for its ongoing time and attention to this case.

Respectfully submitted,

Christopher J. Clayton
Suffolk County Attorney

By: /s/ Arlene S. Zwilling
    Arlene S. Zwilling
    Assistant County Attorney

---

[1] We are concerned that the reason for the misstatement regarding a "meet and confer" may be due to the motion actually being authored by Cory Morris, Esq., despite the Court's February 26, 2024 Order limiting his involvement in this case. Notably, the motion bears a number of similarities to a letter filed by Mr. Morris in *Winters v. pHountain PH Holdings*, CV23-01668 (JMA) (JMW) as well as a letter motion he previously filed in this case (docket entry no. 23). Notably, in the prior motion. Mr. Morris stated that defendants had refused to "meet and confer" when in fact, we had "met and conferred" with Mr. Young.

LOCATION
H. LEE DENNISON BLDG.
100 VETERANS MEMORIAL HIGHWAY    ♦

MAILING ADDRESS
P.O. BOX 6100
HAUPPAUGE, NY 11788-0099    ♦

(631) 853-4049
TELECOPIER (631) 853-5169