# Richard W. Young Sr., Esq.

*ATTORNEY AT LAW*
863 ISLIP AVENUE
CENTRAL ISLIP, NEW YORK 11722-4816
PHONE - (631) 224-7500
FAX - (631) 224-9400
*WWW.YOUNGANDYOUNGESQ.COM*

July 24, 2024

**VIA ECF**

Magistrate Judge Steven I. Locke
U.S. District Court, Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

> Re:   **Plaintiff's Motion to Compel Outstanding Discovery, Contempt of Court
> or Alternatively Strike Defendants Answer for Failure to Comply**
> Spronz v. County of Suffolk, et al.
> 2:23-cv-03689-JMA SIL

Dear Judge Locke:

I reviewed Ms. Zwilling's Opposition to my letter motion. Ms. Zwilling and I conversed by e-mail prior to the tender of the Court ordered discovery. My communications were clear that I sought the "entire" Internal Affairs Unit ("IAU") file where Officer Wustenhoff was found derelict and formal charges were instituted against him by the Suffolk County Police Department Internal Affairs Bureau ("IAB").

Upon its delayed receipt, co-counsel (Mr. Morris) and I went carefully through all records provided. While an IAB Report of the incident of 2020 was provided, none of the voluminous documents, audio and/or videos, photographs or interviews were contained therein, albeit explicitly referenced. Ms. Zwilling did not provide a privilege log and she did not identify records withheld or with bates stamp identification. There was no certification that the IAB reports were complete.

Additionally, items tendered through the Freedom of Information Law ("FOIL") contained documents including a list of twelve (12) serious charges against Officer Wustenhoff and an ultimate stipulation to a plea of guilty by Officer Wustenhoff were not even referenced in Ms. Zwilling's attachments.

As Newsday reported, the Suffolk County Attorney's refusal to turn over Internal Affairs Unit Records has been documented and even reported on in Long Island's largest Newspaper. Please see a copy of Newsday's Article herewith. Michael O'Keeffe, *Suffolk withheld internal affairs report on 2021 police beating, court document shows*, Newsday (July 26, 2024); *available at*: https://www.newsday.com/long-island/suffolk-police-beating-christopher-cruz-118wurab. We know of records withheld not due to the voluntary production of the County or even compliance with the Court Order but from "an anonymous tipster," *id.*, my experience as a retired detective-sergeant and in no uncertain terms, Ms. Zwilling previously withholding Internal Affairs Unit/an IAB report from Mr. Morris in an excessive force trial.

This conduct is not accidental or due to confusion. This is intentional, deliberate and standard practice, even when Court Ordered. Even at this late date there was no need for the Court to be involved. I advised Ms. Zwilling that she needed to turn over the attachments or I would be forced to bring this issue to the Court's attention. Notwithstanding, Ms. Zwilling feigned ignorance and she was well aware of what she was obligated to tender and the consequences for failing to do so.

Even at this point all we are seeking is the "entire" file from this incident or the deterrent appropriate to the County of Suffolk when it simply disregards valid Court Orders.

Very truly yours,

Richard W. Young, Sr., Esq.
(RWY7633)

CC: Arlene Zwilling, Esq. (via electronic case filing only)