**COUNTY OF SUFFOLK**



**EDWARD P. ROMAINE
SUFFOLK COUNTY EXECUTIVE**

**CHRISTOPHER J. CLAYTON**  **DEPARTMENT OF LAW**
**COUNTY ATTORNEY**

February 18, 2025

Hon. Joan M. Azrack, U.S.D.J.
United States District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re: *Spronz v. County of Suffolk, et al.*,
    Docket No. 23-cv-3689 (JMA) (SIL)

Dear Judge Azrack:

The Suffolk County Attorney's Office represents the County of Suffolk and Police Officers Kevin Wustenhoff, Daniel Jugan and Lt. Michael Komorowski, defendants in this action pursuant to 42 U.S.C. § 1983 brought by plaintiff Eric Spronz ("Spronz"). Pursuant to Your Honor's Individual Rules V.B., defendants respectfully request that a pre-motion conference be scheduled for our proposed motion for summary judgment pursuant to Fed.R.Civ.P. Rule 56.

The subject of this federal case is the temporary suspension of Spronz's pistol license pending investigation by the Suffolk County Police Department. Spronz is a mental health nurse practitioner who had a pistol license with a business endorsement so that he could carry a handgun while at work. On February 27, 2023, he was issued a Pistol License Notice of Suspension informing him that his license was suspended "pending further investigation into [his] continued qualification to possess same." The Notice directed him to surrender his license and handguns for the duration of the suspension. He complied.

Spronz's license was suspended due to his involvement in a February 18, 2023 domestic incident. His office manager was seeking a divorce from her husband. She went to the marital residence, which was owned by her brother in law Wayne Allgaier, to remove furniture. Although he was not working at the time, Spronz accompanied her while carrying his firearm. Allgaier spotted Spronz's weapon. He told Spronz not to come on his property with the weapon and called 911 to report that Spronz had a firearm. A police officer responded but no one was arrested.

The investigation conducted by the Plice Department's Pistol Licensing Bureau revealed that Spronz had voluntarily become involved in a domestic situation, entered private property while armed in defiance of the owner, and put his handgun into his truck where there was a child. Nevertheless, the investigation was concluded in his favor. His license was restored and his weapons returned on August 15, 2023.

The Complaint contains five causes of action pursuant to 42 U.S.C. § 1983, amorphously alleging violations of Spronz's Second, Fourth, Fifth, Eighth and Fourteenth Amendment rights. As the pleading is vague and does not identify the particular aspects of the Constitutional provisions invoked, it is not possible to exhaustively list all arguments directed at the Complaint's deficiencies. However, at this juncture, defendants intend to move for summary judgment on the following bases:

a) The Second Amendment does not prohibit the temporary suspension of an individual pistol license. *Haverstraw Town Police v. C.G.*, 190 N.Y.S.3d 588, 593-594 (Supreme Ct. Ulster County), citing *New York Rifle & Pistol Assoc. Inc. v. Bruen*, 597 U.S. 1 (2022).

b) Spronz has no due process or Second Amendment claim because New York Penal Law § 400.00(11) authorizes Suffolk County to suspend individual pistol licenses and requires the holder of a suspended license to surrender his firearms.

c) Temporary surrender of a weapon pursuant to N.Y. Penal Law §400.00 does not violate the Fourth Amendment. *Juzumas v. Nassau County*, 33 F.4th 681, 692(2d Cir. 2022).

d) Spronz has no claim under the Eighth Amendment since he was not fined. See e.g., *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.,* 492 U.S. 257, 268, (1989).

e) Spronz has no Fifth Amendment claim because there can be no property interest in a pistol license. *Trello v. McKeighan*, 624 F.Supp. 3d 150, 157 (N.D.N.Y 2022).

f) CPLR Article 78 is the exclusive remedy for challenging the suspension of a pistol license. See e.g., *Negron v. Suffolk Cnty. Police Dep't*, 2020 U.S. Dist. LEXIS 114097, at*14 (E.D.N.Y. June 29, 2020).

g) Individual defendants are protected from liability by the doctrine of qualified immunity. *Milau v. Suffolk County*, 2025 U.S. Dist. LEXIS 26572, at 28-33 (E.D.N.Y. Feb. 13, 2025).

LOCATION
H. LEE DENNISON BLDG.
100 VETERANS MEMORIAL HIGHWAY    ♦

MAILING ADDRESS
P.O. BOX 6100
HAUPPAUGE,  NY   11788-0099    ♦

(631) 853-4049
TELECOPIER (631) 853-5169

h) Insofar as the County of Suffolk was implementing N.Y. Penal Law §400.00, it had no policy for which it could be liable under §1983. *Juzumas v. Nassau County*, 33 F.4th 681, 692(2d Cir. 2022) citing *Vives v. City of New York*, 524 F.3d 346, 350. (2d Cir. 2008).

We thank the Court for its anticipated consideration of this request.

Respectfully submitted,

Christopher J. Clayton
Suffolk County Attorney

By: */s/ Arlene S. Zwilling*
    Arlene S. Zwilling
    Assistant County Attorney

LOCATION
H. LEE DENNISON BLDG.
100 VETERANS MEMORIAL HIGHWAY    ♦

MAILING ADDRESS
P.O. BOX 6100
HAUPPAUGE, NY  11788-0099    ♦

(631) 853-4049
TELECOPIER (631) 853-5169