

LEX SCRIPTA
CM
LEX TRADITA

LAW OFFICES OF
CORY H. MORRIS
ATTORNEY &
COUNSELOR AT LAW

*Via Electronic Case Filing Only*

February 25, 2025

Hon. Joan M. Azrack, USDJ
United States District Court
Eastern District of New York
Long Island Courthouse, Room 920
100 Federal Plaza
Central Islip, NY 11722

> re    Opposition to Defendants' Request for Summary Judgment that is lacking any evidentiary support in face of sworn testimony and The Order to Show Cause filed before Your Honor;
>
> Case:    *Eric Spronz vs. Suffolk County et al*.   <u>Docket No: 23-cv-3689 (JMA)(SIL)</u>

Dear Honorable Judge Azrack:

I write in opposition to the Suffolk County Defendant's request to file a summary judgment motion in light of *Goldstein v. County of Suffolk et al* (2023) and *Nin, et al v. County of Suffolk, et al* (2019) where U.S. District Court judges ordered the immediate return of firearms that were unlawfully seized by the same Defendants for an indefinite time. Both binding law from This Honorable Court together with a recent consent decree entered in *LaMarco v. Suffolk County et al,* by the Honorable Gary R. Brown (Jan. 31, 2025) [D.E. 38, adopting https://bit.ly/41skVlj] evidences a policy of Second Amendment violations both before and after *New York Rifle & Pistol Assoc. Inc. v. Bruen*, 597 U.S. 1 (2022) in the unlawful seizure, retention and lack of due process hearing in the return of such firearms evidenced in this case by sworn testimony:

> "We suspend the license and investigate afterward." Komorowski Dep., [p. 11, Ln. 4-9]. Q: "Was there a due process hearing after the suspension?" A: "No, not immediately." *Id.* [p. 12, Ln. 10-15].

## LEGAL STANDARD AND EVIDENTIARY SUPPORT

Defendant does not cite a single shred of evidence justifying the unlawful suspension of license and seizure in her request for summary judgment. Summary judgment under Fed.R.Civ.P. 56(c) is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is "material" within the meaning of Fed.R.Civ.P. 56 when its resolution "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion," *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir.1995) (citations omitted), including This Order to Show Cause.

There must be probable cause to seize property with limited exceptions, *Coolidge v. New Hampshire*, 403 U.S. 443, 470 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), the Fourteenth

Amendment of the U.S. Constitution requires due process. *Mathews v. Eldridge*, 424 U.S. 319 (1976); see *Nassau v. Canavan*, 1 N.Y.3d 134, 802 N.E.2d 616, 770 N.Y.S.2d 277 (2003) (holding that post-seizure hearings be routinely provided). Without some articulated exception, see *McClendon v. Rosetti*, 460 F.2d 111, 116 (2d Cir.1972), there must be a prompt post-deprivation hearing of firearm seizure according to longstanding law within the Eastern District of New York. *Razzano v. County of Nassau*, 765 F. Supp. 2d 176 (E.D.N.Y. 2011) (J. Spatt).

Like *Razzano,* supra, individuals like Eric Spronz must be provided with an adequate opportunity to recover weapons that the defendants confiscate upon receipt of a report. See *Goldstein v. Suffolk County*, 23-cv-00051 (JMA)(LGD). The U.S. Supreme Court's decision in *Bell v. Burson*, 402 U.S. 535, 539 (1971) supports Plaintiff's claim that licenses and property cannot be taken without due process. See *Evans v. City of New York*, 308 F. Supp. 2d 316 (S.D.N.Y. 2004).

There was no exigency for the seizure here, see *Spinelli v. City of New York*, 579 F.3d 160, 170 (2d Cir. 2009), and "when the deprivation is pursuant to an established state procedure, the state can predict when it will occur and is in the position to provide a pre-deprivation hearing" *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 465 (2d Cir.2006). That did not occur. What is occurring is an unlawful policy of retention of weapons without due process. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

"[S]ecuring [Constitutional] rights is in the public interest." *New York Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 488 (2d Cir. 2013). The denial of a constitutional right is prima facie irreparable harm. *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984); see *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (deprivation of constitutional rights "for even minimal periods of time, unquestionably constitutes irreparable harm"). Defendants bear the burden to seize firearms, *New York State Rifle & Pistol Association Inc. v. Bruen,* 142 S.Ct. 2111, 2129-2130 (2022), a "burden of justification is demanding and it rests entirely on the State," *United States v. Virginia,* 518 U.S. 515, 533, 116 S.Ct. 2264, 135 L.Ed.2d 735 (1996), for which a provisional federal monitor or receiver is still sought, as it was in *Goldstein v. Suffolk County et al.*, 23-cv-00051 (JMA)(LGD), to enjoin further violations of the New York State and United States Constitutions.

## PRELIMINARY STATEMENT AND FACTUAL BACKGROUND

Plaintiff holds a DEA license authorizing distribution and administration of controlled substances. Plaintiff's DEA License Number is MS3918197. Plaintiff was never on private property where he was not authorized to carry a license. Officers called to the scene at issue did not remove his weapon. Plaintiff sent a statement with sworn witness statements on February 18, 2023 and are before this Court. This notice complied with the requirements of Suffolk County.

On February 27, 2023, Plaintiff received a telephone call from Police Officer Wustenhoff ordering him that his pistol license had been suspended. Officer Wustenhoff informed Plaintiff that he had "30 minutes to surrender his guns or officers would to come and get them."

On the date in question, Plaintiff Eric Spronz did not brandish a firearm contrary to Defendants assertions. His firearm was concealed. Wustenhoff Dep., [p. 31, lines 5-10 and p. 29, lines 12-19]. Plaintiff affirmed the same under oath. Plaintiff Eric Spronz complied with all laws, rules and orders. Wustenhoff Dep., [p. 31, lines 10-12]. Plaintiff did not commit any crime, there was no criminal activity, Wustenhoff Dep., [p. 36, lines 2-5], nor was Plaintiff charged with any crime. Komorowski Dep., [p. 14, lines 11-14]. Plaintiff was not a threat and was reported by all witnesses to not have threatened anyone. Wustenhoff Dep., [p. 30, lines 12-18].

Defendant Wustenhoff was the subject of serious police misconduct related to another investigation and swore he had no formal training for pistol license suspensions. Wustenhoff

Dep., [p. 16, lines 2-9]. Suffolk County "…suspend[s] the license [first] and investigate[s] afterward." Komorowski Dep., [p. 11, lines 4-9]. Indeed, Wustenhoff summarily suspended Plaintiff's firearms license based on a report that had no penal law violation, arrest, (Wustenhoff Dep., [p. 28, lines 1-5]), no danger to public safety, (Komorowski Dep., [p. 14, lines 12-16]), and no criminal intent whatsoever. *Id.* [p. 14, lines 15-19]. But still, all his firearms were seized.

Defendant Komorowski stated that Plaintiff's license suspension was due to "Plaintiff being at a location with an exposed handgun and was advised to remove himself from that location." Komorowski Dep., [p. 10, lines 14-21]. Defendant Komorowski believes that "[t]he visibility of a firearm is enough," *id.* [p. 10, lines 5-12], to suspend indefinitely without scheduling a hearing, *id.* [p. 17, lines 2-6], even with varied testimony, Wustenhoff Dep., [p. 30, lines 15-21], that is at odds with the sworn statements provided. Defendants offer no such contrary sworn statements.

While Defendant Komorowski stated it was common practice to suspend a pistol license when a violation of the penal law occurred, *id.* [p. 9, lines 16-21], there is no written rule requiring an automatic six (6) month license suspension. See Wustenhoff Dep., [p. 69, lines 7-21]. There was no follow up or notice to obtain a hearing as to Plaintiff's license suspension. *Id.* [p. 40, lines 2-7]. Defendant Komorowski testified that said person would have to file a petition under Article 78 to challenge any suspension. Komorowski Dep., [p. 33, lines 15-18]. This policy was according to a former Seargent that he replaced in late 2019. No one above Komorowski ever instructed him to do so. *Id.* [p. 33, lines 19-25, and p. 34, lines 2-20]. Komorowski testified he had sole discretion over the suspension of licenses, here the decision to suspend was based solely on "[t]he field report from the scene." Komorowski Dep., [p. 13, lines 2-6].

There was no review of Plaintiff's license suspension, see Wustenhoff Dep., [p. 39, lines 10-14], but rather this lawsuit was filed to obtain the return of the firearms as was the case in *Goldstein v. Suffolk County et al,* also before Your Honor. Contrary to assertions otherwise, [see D.E. 10], Suffolk County still does not have a mechanism to challenge pistol license suspension and sworn testimony shows that there is an automatic six (6) month suspension policy. See Komorowski Dep., [p. 33, lines 19-25, and p. 34, lines 2-20]. He testified: Q: "Was there a due process hearing after the suspension?" A: "No, not immediately." *Id.* [p. 12, lines 10-15]. There was none!

### THIS MOTION SHOULD BE DENIED AS PROCEDURALLY AND SUBSTANTIVELY LACKING MERIT

There was no hearing scheduled or ability for Plaintiff to obtain a hearing pending suspension, Komorowski Dep., [p. 17, lines 2-6], of the firearms license, a due process right once issued by the state. While reinstatement of Plaintiff's license was possible, no hearing was available. Wustenhoff Dep., [p. 37, lines 6-10]. The above and this case evidences a pattern and practice of automatic suspension without hearings for "concealed carry law violations." Komorowski Dep., [p. 10, lines 5-12]. Defendant Komoroski testified that Q: Does the policy require suspension for any concealed carry violation?" A: "Yes." Komorowski Dep., [p. 10, lines 5-12]. Defendants claim suspensions are temporary, see Wustenhoff Dep., [p. 33, lines 16-20], when they are not.

Lastly, in tandem to filing the Order to Show Cause in this matter, Plaintiff's counsel assisted in a hearing for C.N. under Docket 624212/2023 representing a nine (9) year old brought before the Suffolk County Court for a red-flag hearing before the Honorable David Morris. Astonishingly, counsel observed over fifteen (15) Suffolk County Police Officers present to testify on the various Red Flag Hearings before Judge Morris while this Plaintiff was never given due process.

Sincerely,

CORY H. MORRIS, JD MA