LEX SCRIPTA
CM
LEX TRADITA

LAW OFFICES OF
CORY H. MORRIS
ATTORNEY &
COUNSELOR AT LAW

Via Electronic Case Filing Only

August 31, 2026

Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re: Plaintiff's Pre-Motion Letter Seeking Leave to File Motion for Summary Judgment

Case: *Eric Spronz v. County of Suffolk, et al*. Docket No. 2:23-cv-03689 (JMA)(SIL)

Dear Judge Azrack:

Pursuant to Your Honor's Individual Practices, Plaintiff Eric Spronz respectfully requests a pre-motion conference and leave to move for summary judgment under Fed. R. Civ. P. 56 on his claims under 42 U.S.C. § 1983. No genuine dispute of material fact exists, Although Defendants reinstated Plaintiff's pistol license and made his firearms available for pickup in August 2023, the constitutional violations and resulting damages remain live.

Plaintiff is entitled to judgment as a matter of law, longstanding law, first set forth by the late USMJ A.K. Tomlinson and adopted by the Honorable Arthur D. Spatt in *Razzano v. County of Nassau*, 765 F. Supp. 2d 176, 183 (E.D.N.Y. 2011).

PLAINTIFF WAS UNLAWFULLY DEPRIVED OF HIS CONSTITUTIONAL RIGHTS WITHOUT A HEARING

This action arises from Suffolk County's suspension of Plaintiff's pistol license and seizure of his firearms following an incident on private property in which it was alleged his handgun was visible. No criminal charges were filed. The incident posed no public-safety threat. Lieutenant Michael Komorowski effected the suspension under an asserted violation of New York Penal Law § 265, yet the investigation which was not begun until after and Order to Show Cause was served months later—led by Officer Kevin Wustenhoff, who lacked formal training specific to pistol-license investigations—contained conflicting witness statements and was marked by procedural delay. The "temporary" suspension, justified by departmental policy, afforded no immediate due-process hearing.

The facts parallel those condemned in *Razzano v. County of Nassau*, 765 F. Supp. 2d 176, 183 (E.D.N.Y. 2011). Defendants admit these actions were taken pursuant to an established policy.

SUMMARY-JUDGMENT IS APPROPRIATE

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Inferences must be drawn in the non-movant's favor, but the non-movant may not rest on metaphysical doubt. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586–87 (1986).

**Monell Liability**

Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), municipal liability attaches where a constitutional injury results from official policy or custom. There was no post deprivation hearing without a federal lawsuit in this matter.

Defendants have conceded that the suspension and seizure occurred pursuant to Suffolk County Police Department policy authorizing confiscation of firearms and suspension of pistol licenses upon perceived threat or related circumstances. There was no change to the policy after *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 597 U.S. 1, 70-71, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022). The policy in contraction with established law itself caused the deprivation. See, e.g., *Razzano v. County of Nassau*, 765 F. Supp. 2d 176, 183 (E.D.N.Y. 2011). Summary judgment on Monell liability is therefore warranted.

**Fourth Amendment**

Plaintiff's firearms were seized without a warrant or probable cause. Defendants do not claim probable cause existed; they assert none was required because no arrest occurred. The Fourth Amendment's protections do not evaporate merely because the owner is not under arrest. See *Coolidge v. New Hampshire*, 403 U.S. 443, 470 (1971); *Cady v. Dombrowski*, 413 U.S. 433, 439 (1973). General statutory authority to preserve the peace cannot supersede the Constitution. The right to a firearm and firearm licensure possession is constitutionally protected. See *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 597 U.S. 1, 70-71, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022) (hereinafter "*Bruen*") Even without the heightened protection afforded to firearms, see *id.,* the violation here is condemned in *Razzano v. County of Nassau*, 765 F. Supp. 2d 176, 183 (E.D.N.Y. 2011) (hereinafter "*Razzano*"). No material issue of fact remains. Summary judgment is appropriate.

**Fourteenth Amendment Due Process**

The seizure of Plaintiff's firearms and suspension of his license implicated protected property and liberty interests. *Bell v. Burson*, 402 U.S. 535, 539 (1971); *Evans v. City of New York*, 308 F. Supp. 2d 316 (S.D.N.Y. 2004). Substantive, see *Bruen*, and procedural due process, see *Razzano*, claims are well established and violated by Defendants. No issue of fact remains. Defendants' policy was not changed after *Bruen.* Because the deprivation occurred pursuant to established policy, the *Mathews v. Eldridge*, 424 U.S. 319 (1976), balancing test governs.



Law Offices of Cory H. Morris • Attorney & Counselor at Law
TEL: 631.450.2515 - 954.745.4592 | FAX: 631.223.7377 - 954.745.4597 | WEB: coryhmorris.com | EMAIL: info@coryhmorris.com

The private interest in one's firearms and license is substantial under *Bruen*. The risk of erroneous deprivation under existing procedures—conditioning return of firearms on reinstatement of a pistol license or requiring an Article 78 proceeding—is high. Article 78 is slow, costly, and places the burden on the citizen. See *County of Nassau v. Canavan*, 1 N.Y.3d 134 (2003).

Plaintiff was required to file a federal lawsuit to obtain the return of his firearms. A prompt post-deprivation hearing before a neutral decision-maker, at which the County bears the burden of showing likelihood of success on a claim to retain the firearms, is constitutionally required. See *Razzano*, 765 F. Supp. 2d at 183. Plaintiff received no such process. There is no issue of material fact. No post-deprivation hearing was afforded to Plaintiff.

**Second Amendment**

The Second Amendment protects an individual right to keep and bear arms. *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010); *New York State Rifle & Pistol Ass'n v Bruen*, 597 U.S. 1 (2022). Here there was removal of the firearm right without any process. Nothing, absent a federal lawsuit, secured the return of those firearm/licensing. There is no post constitutional hearing in place and the Defendants' stated policy, pattern, custom or usage was not amended after *Bruen.* Arbitrary suspension without due process and without historical analogue violates the Second Amendment. Defendants' policy of suspending licenses and retaining firearms absent imminent danger or criminal charge cannot be justified under the Nation's historical tradition of firearm regulation.

There is no material issue of fact precluding summary judgment for these claims.

THIS HONORABLE COURT SHOULD GRANT SUMMARY JUDGMENT TO PLAINTIFF

Plaintiff seeks an order declaring the policy unconstitutional as applied, awarding equitable relief and monetary damages for the period of deprivation and such further relief as the Court deems just, including attorney's fees under 42 U.S.C. § 1988.

No genuine issue of material fact precludes judgment in Plaintiff's favor. Plaintiff respectfully requests this Honorable Court issue summary judgment on such claims or hear such request at the upcoming status conference if not grant Plaintiff leave to file the contemplated motion for summary judgment towards the resolution of this case.

We Thank the Court for its kind consideration.

Respectfully submitted,

Cory H. Morris, Esq.



Law Offices of Cory H. Morris • Attorney & Counselor at Law
TEL: 631.450.2515 - 954.745.4592 | FAX: 631.223.7377 - 954.745.4597 | WEB: coryhmorris.com | EMAIL: info@coryhmorris.com